Filed 11/30/17

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S230793 |
| v. | ) | |
| | ) | Ct.App. 4/2 E062760 |
| TIMOTHY WAYNE PAGE, | ) | |
| | ) | San Bernardino County |
| Defendant and Appellant. | ) | Super. Ct. No. FVI1201369 |
| _____ | ) | |

Approved by the voters in 2014, Proposition 47 (the "Safe Neighborhoods and Schools Act") reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies. To that end, Proposition 47 amended or added several statutory provisions, including new Penal Code section 490.2, which provides that "obtaining any property by theft" is petty theft and is to be punished as a misdemeanor if the value of the property taken is $950 or less. A separate provision of Proposition 47, codified in Penal Code section 1170.18, subdivision (a), establishes procedures under which a person serving a felony sentence at the time of Proposition 47's passage may be resentenced to a misdemeanor term if the person "would have been guilty of a misdemeanor under [Proposition 47] had this act been in effect at the time of the offense." (Pen. Code, § 1170.18, subd. (a).) The question in this case concerns the application of these provisions to a prior conviction under Vehicle Code section 10851, taking or driving a vehicle without the owner's consent.

1

At the time of Proposition 47's passage, defendant Timothy Wayne Page was serving a felony sentence for a violation of Vehicle Code section 10851, among other offenses. Shortly after Proposition 47 was passed, defendant filed a petition for resentencing under Proposition 47. The trial court denied the petition and the Court of Appeal affirmed, holding that Proposition 47 did not affect punishment under Vehicle Code section 10851.

We conclude the lower courts erred in holding that a defendant with a Vehicle Code section 10851 conviction is categorically ineligible for resentencing under Proposition 47. Penal Code section 1170.18 (section 1170.18) does not expressly refer to Vehicle Code section 10851, but it does permit resentencing to a misdemeanor under Penal Code section 490.2 (section 490.2) for theft of property worth $950 or less. As this court has previously explained, Vehicle Code section 10851 may be violated in several ways, including by theft of the vehicle. (*People v. Garza* (2005) 35 Cal.4th 866, 871.) A person convicted before Proposition 47's passage for vehicle theft under Vehicle Code section 10851 may therefore be resentenced under section 1170.18 if the person can show the vehicle was worth $950 or less.

Because defendant's uncounseled petition in this case provides no information concerning the basis for his Vehicle Code section 10851 conviction, it fails to establish either that defendant was convicted for theft of the vehicle or that the vehicle was worth $950 or less. The trial court therefore properly denied defendant's petition. But because defendant is entitled to the opportunity to allege and prove his eligibility for resentencing, we modify the judgment of the Court of Appeal to provide that its affirmance of the superior court's denial order is without prejudice to the filing of a new petition.

## I.

In May 2012, defendant was charged by complaint with three felonies: taking or driving a vehicle in violation of Vehicle Code section 10851, subdivision (a) (count 1); evading an officer while driving with willful disregard for safety, in violation of Vehicle Code section 2800.2, subdivision (a) (count 2); and resisting an officer in violation of Penal Code section 69 (count 3). The complaint further alleged prior conviction of two serious or violent felonies (Pen. Code, §§ 667, 1170.12) and four prior prison term felonies (*id.*, § 667.5).

In June 2012, defendant entered a negotiated plea of guilty to all three counts and admitted one prior serious or violent felony conviction and two prior prison terms; the remaining enhancement allegations were dismissed on the People's motion. The court sentenced defendant to an aggregate prison term of 10 years and 8 months, the principal term being six years for count 1, the Vehicle Code section 10851 violation (the upper term of three years, doubled for the prior serious felony "strike").

On November 4, 2014, voters approved Proposition 47, and it became effective the following day. Approximately two weeks later, defendant, proceeding without counsel, submitted a "Motion for Modification of Sentence" form in which he asked for his sentence to be reduced based on "New law—Prop 47." The superior court treated it as a petition for resentencing pursuant to section 1170.18 and denied it on the ground that defendant "does not satisfy the criteria in Penal Code section 1170.18 and is not eligible for resentencing."

The Court of Appeal affirmed. The court reasoned that while Proposition 47 amended or added a number of criminal statutes to reduce felony punishment to the misdemeanor level, it did not do so for Vehicle Code section 10851. Because the section 10851 offense remains an alternative felony-misdemeanor (a "wobbler") after Proposition 47, the appellate court could not conclude defendant

3

would have been guilty of only a misdemeanor had the initiative's provisions been in effect at the time of his offense, as section 1170.18 requires. Nor, according to the court, did defendant's conviction come within the terms of section 490.2, Proposition 47's new petty theft statute, since Vehicle Code section 10851 does not proscribe theft, but rather taking or driving a vehicle with or without the intent to steal it. Finally, the Court of Appeal rejected defendant's argument that equal protection principles require his Vehicle Code section 10851 conviction be treated the same as a conviction for grand theft of an automobile under Penal Code section 487, subdivision (d), for which misdemeanor resentencing is available under section 1170.18 if the vehicle's value is $950 or less.

We granted defendant's petition for review.

**II.**

Proposition 47's resentencing provision, section 1170.18, subdivision (a), provides, in pertinent part: "A person who, on November 5, 2014, was serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."[1] The cited provisions include Penal Code section 490.2, subdivision (a), added by Proposition 47, which provides in pertinent part: "Notwithstanding [Penal Code]

---

[1] Under subdivision (b) of section 1170.18, an eligible person is entitled to resentencing unless the trial court, in its discretion, determines resentencing poses an unreasonable risk to public safety.

4

Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

Under these provisions, a person serving a sentence for grand theft under Penal Code section 487 or another statute expressly defining a form of grand theft (e.g., Pen. Code, §§ 484e, 487a, 487i) is clearly eligible for resentencing under section 1170.18 if he or she can prove the value of the property taken was $950 or less. (See *People v. Romanowski* (2017) 2 Cal.5th 903, 910-914 (*Romanowski*) [defendant convicted for theft of access card information under Penal Code section 484e eligible for resentencing].) This means that a person serving a sentence for conviction of grand theft of an automobile (Pen. Code, § 487, subd. (d)(1)), for example, could seek resentencing under section 1170.18 if the vehicle taken was worth $950 or less. The question presented here is whether the same is true for a person convicted under Vehicle Code section 10851.

**A.**

Vehicle Code section 10851 differs in two important ways from Penal Code section 487, subdivision (d)(1). For one thing, the Vehicle Code section does not expressly designate the offense as "grand theft." And for another, its prohibitions sweep more broadly than "theft," as the term is traditionally understood. Vehicle Code section 10851 punishes not only taking a vehicle, but also driving it without the owner's consent, and "with intent *either* to permanently *or temporarily* deprive the owner thereof of his or her title to or possession of the vehicle, *whether with or without intent to steal the vehicle*." (Veh. Code, § 10851, subd. (a), italics added.) Theft, in contrast, requires a taking with intent to steal the property—that is, the

5

intent to permanently deprive the owner of its possession. (*People v. Riel* (2000) 22 Cal.4th 1153, 1205; *People v. Davis* (1998) 19 Cal.4th 301, 305.)[2]

We recognized the distinction between the theft and non-theft forms of the Vehicle Code section 10581 offense in *People v. Garza*, *supra*, 35 Cal.4th 866 (*Garza*). In that case, we considered whether dual convictions under Vehicle Code section 10851 and Penal Code section 496, subdivision (a) (receiving stolen property) violated the statutory rule against convicting a person for both stealing and receiving the same property. We concluded the answer depended on the basis for the Vehicle Code section 10851 conviction—whether it was for stealing the automobile or for taking or driving it in another prohibited manner: "Unlawfully taking a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away. For this reason, a defendant convicted under section 10851(a) of unlawfully taking a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction and may not also be convicted under section 496(a) of receiving the same vehicle as stolen property. On the other hand, unlawful driving of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete. . . . Therefore, a conviction under section 10851(a) for posttheft driving is not a theft conviction . . . ." (*Garza*, at p. 871, italics omitted.) The

---

**2**      Because every theft of an automobile in violation of Penal Code section 487 also constitutes taking of an automobile in violation of Vehicle Code section 10851, the latter has sometimes been described as a lesser included offense of the former. (*People v. Barrick* (1982) 33 Cal.3d 115, 128; *People v. Vera* (1997) 15 Cal.4th 269, 273.) But because Vehicle Code section 10851 can be violated by driving a vehicle without the owner's consent, even if the driver did not also participate in the vehicle's theft, not every violation of that section would constitute auto theft under Penal Code section 487, even if it were committed with the intent to permanently deprive the owner of possession.

same is true when a defendant acted with intent only to deprive the owner *temporarily* of possession. Regardless of whether the defendant drove or took the vehicle, he did not commit auto theft if he lacked the intent to steal. But if the defendant was convicted under Vehicle Code section 10851, subdivision (a), of unlawfully taking a vehicle with the intent to permanently deprive the owner of possession, he has, in fact, "suffered a theft conviction." (*Garza*, at p. 871.)

By its terms, Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense. As noted, section 490.2, subdivision (a), mandates misdemeanor punishment for a defendant who "obtain[ed] any property by theft" where the property is worth no more than $950. An automobile is personal property. "As a result, after the passage of Proposition 47, an offender who obtains a car valued at less than $950 *by theft* must be charged with petty theft and may not be charged as a felon under any other criminal provision." (*People v. Van Orden* (2017) 9 Cal.App.5th 1277, 1288, rev. granted June 14, 2017, S241574 (*Van Orden*).)

For those who, like defendant, were already serving felony sentences when Proposition 47 was passed, section 1170.18, subdivision (a), authorizes resentencing if the defendant "would have been guilty of a misdemeanor" had Proposition 47 been in effect at the time of the offense for which resentencing is sought. A defendant convicted of a felony for stealing a vehicle worth $950 or less (before Proposition 47's passage) would have been guilty only of a misdemeanor had section 490.2 been in effect at the time. This is true regardless of whether the conviction was obtained under Penal Code section 487, subdivision (d)(1), or Vehicle Code section 10851, subdivision (a). As we explained in *Garza*, *supra*, 35 Cal.4th at page 871, "[A] defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession" has been convicted of stealing the vehicle. It follows that Proposition

7

47 makes some, though not all, section 10851 defendants eligible for resentencing: a defendant convicted and serving a felony sentence under Vehicle Code section 10851, subdivision (a), for vehicle theft—taking a vehicle with the intent to permanently deprive the owner of possession—could (if the vehicle was worth $950 or less) receive only misdemeanor punishment pursuant to section 490.2 and is thus eligible for resentencing under section 1170.18.

Against this conclusion, the Attorney General makes two arguments based on the statutory text. First, the Attorney General relies on section 1170.18, subdivision (a)'s reference to statutory sections "amended or added by this act." Noting that Vehicle Code section 10851 is not included in the list of such sections ("Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code"), he argues the voters did not intend to affect punishment for convictions under Vehicle Code section 10851.

The Attorney General's argument misconceives the nature of the list in section 1170.18, subdivision (a). The statute does not say that only those defendants who were convicted under the listed sections are eligible for resentencing. The statute instead says that those who are eligible (i.e., defendants serving a felony sentence who would have only been guilty of a misdemeanor had Proposition 47 been in effect at the time of their offenses) may "request resentencing in accordance with" the listed sections. (§ 1170.18, subd. (a).) Defendants requesting resentencing for Vehicle Code section 10851 convictions, like defendant here, are asking to be given a misdemeanor sentence "in accordance with" section 490.2, which is on the list; their resentencing thus falls within the terms of section 1170.18, subdivision (a).

An interpretation under which the list in section 1170.18, subdivision (a), limits the *conviction* offenses of those eligible for resentencing cannot easily be reconciled with other closely related provisions of Proposition 47. The same list of

8

statutory sections appears in subdivision (b) of section 1170.18, not as a restriction on eligibility for resentencing but as a list of sentencing provisions "pursuant to" which eligible defendants may receive misdemeanor sentences. The list does not appear, however, in subdivision (f) of section 1170.18, which provides a means for eligible defendants who have completed their sentences to have their convictions "designated as misdemeanors." The eligibility criterion for relief under subdivision (f) is the same as under subdivision (a): the defendant must be someone "who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense." (§ 1170.18, subd. (f).) If the list in subdivision (a) defined eligibility for resentencing, there would be no reason for it to appear again in subdivision (b)—which by its terms applies only to a defendant who "satisfies the criteria in subdivision (a)"—or for its omission from subdivision (f). Understood as a list of sections under which defendants are to be resentenced, however, the repetition in subdivision (b) and the omission from subdivision (f) make perfect sense; defendants still serving felony sentences are resentenced under subdivision (b) pursuant to the listed statutes, while those who have completed their sentences and merely seek to have their offenses designated as misdemeanors (subd. (f)) will not be resentenced, making reference to the list unnecessary.

Perhaps more significantly, two of the sections listed in section 1170.18, subdivision (a)—Penal Code sections 459.5 and 490.2—were added by Proposition 47, which means that no defendant could have been serving a felony sentence for these offenses on the initiative's effective date. The list, moreover, omits sections defining felony or wobbler theft offenses, such as Penal Code section 487, under which eligible defendants may have been convicted. The list in section 1170.18, subdivision (a), was clearly not intended as a list of eligible conviction statutes, but rather as what both subdivision (a) and subdivision (b) say it is: a list of sections that, after Proposition 47, provide for misdemeanor

9

punishments to which eligible defendants serving felony terms may be resentenced. (Accord, *Van Orden*, *supra*, 9 Cal.App.5th at p. 1290 ["Section 1170.18, subdivision (a) lists provisions that establish new misdemeanor *penalties*, not provisions containing affected substantive offenses."], rev. granted.)[3]

Second, the Attorney General notes that Vehicle Code section 10851 is not mentioned in the opening clause of section 490.2, subdivision (a), quoted again here with added italics: "*Notwithstanding Section 487 or any other provision of law defining grand theft,* obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." Because "Vehicle Code section 10851 . . . is not a provision of law defining grand theft," the Attorney General argues, "the plain language of section 490.2 does not apply to Vehicle Code section 10851."

This textual argument fails as well. In its central ameliorative provision, section 490.2, subdivision (a), mandates that "obtaining any property [worth $950 or less] by theft . . . shall be considered petty theft and shall be punished as a

---

[3]     The Attorney General relies on an uncodified section of Proposition 47, which described one aspect of the measure's intent as to "[a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (4), p. 70.) This general description of the measure cannot displace the express operative language of section 1170.18, subdivision (a), establishing the criterion of resentencing eligibility, or the express language of section 490.2, subdivision (a), establishing a broad new form of petty theft. The uncodified section's sketch of resentencing was accurate as to most crimes affected by the initiative, but was apparently drafted without consideration of the fact that in Penal Code sections 490.2 and 459.5 the measure added two new offenses for which no person could have been serving a sentence as of the initiative's effective date.

10

misdemeanor." The subdivision's opening clause—"Notwithstanding Section 487 or any other provision of law defining grand theft"—does not limit the provision's ameliorative operation, but instead saves that operation against interference from other statutory provisions defining certain conduct as grand theft. To be sure, the fact that the opening clause does not mention Vehicle Code section 10851 may suggest its drafters did not have that statute specifically in mind as a potential source of conflict. (Cf. *Romanowski*, *supra*, 2 Cal.5th at p. 908 [noting that the "notwithstanding" clause was evidently aimed at "various . . . theft provisions" that "carved out separate categories of grand theft based on the type of property stolen, with either a lower value threshold or no value threshold at all"].) Nevertheless, section 490.2 plainly indicates that "after the passage of Proposition 47, 'obtaining any property by theft' constitutes petty theft if the stolen property is worth less than $950.' " (*Romanowski*, at p. 908.) Nothing in the operative language of the subdivision suggests an intent to restrict the universe of covered theft offenses to those offenses that were expressly designated as "grand theft" offenses before the passage of Proposition 47. On the contrary: "Omitting the opening clause does not alter the meaning of the remainder of the sentence; the independent clause containing the definition of petty theft stands on its own and means what it says—the act of 'obtaining any property by theft where the value . . . does not exceed nine hundred fifty dollars ($950)' constitutes petty theft and must be charged as a misdemeanor." (*Van Orden*, *supra*, 9 Cal.App.5th at p. 1291, rev. granted.)

Moreover, while Vehicle Code section 10851 does not expressly designate the offense as theft, the conduct it criminalizes includes theft of a vehicle, as we explained in *Garza*. And to the extent vehicle theft is punished as a felony under section 10851, it is, in effect, a form of grand, rather than petty, theft. (See Veh. Code § 10851, subd. (a) [permitting felony punishment for unlawful taking or

11

driving]; Pen. Code, § 489, subd. (c) [same for grand theft]; cf. Pen. Code, § 490 [petty theft punishable by no more than six months in county jail].)

This reading of Proposition 47 is consistent with the voters' instruction, in two uncodified sections of the initiative measure, that Proposition 47 be construed "broadly" and "liberally" to effectuate its purposes. (Voter Information Guide, *supra*, text of Prop. 47, §§ 15, 18, p. 74.) It is also consistent with Proposition 47's legislative history. In the voter guide to Proposition 47, the Legislative Analyst explained that under existing law, theft of property worth $950 or less could be charged as a felony "if the crime involves the theft of certain property (such as cars)." (Voter Information Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.) Under the initiative, according to the analysis, such crimes would no longer be charged as grand theft "solely because of the type of property involved." (*Ibid.*) To the extent section 490.2 is ambiguous as to its inclusion of a theft charged under Vehicle Code section 10851, these indicia of the voters' intent support an inclusive interpretation. (See *Romanowski*, *supra*, 2 Cal.5th at pp. 909–910 [relying on voter guide materials in similarly interpreting § 490.2].) It does no violence to the initiative's text, and serves to accomplish its purposes, to read "any other provision of law defining grand theft," in section 490.2, subdivision (a), as encompassing the theft offense made punishable by Vehicle Code section 10851.

Consistent with that straightforward reading of the statutory text, we conclude that obtaining an automobile worth $950 or less by theft constitutes petty theft under section 490.2 and is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged. A defendant who, at the time of Proposition 47's passage, was serving a felony sentence for taking or driving a vehicle in violation of Vehicle Code section 10851 is therefore eligible for resentencing under section 1170.18, subdivision (a), if the vehicle was worth $950 or less and the sentence was imposed for theft of the vehicle. The Court of

12

Appeal therefore erred in holding defendant's Vehicle Code section 10851 conviction categorically ineligible for resentencing under Proposition 47.**4**

Because we hold the statutory provisions of Proposition 47 allow resentencing on automobile theft convictions under Vehicle Code section 10851 as well as under Penal Code section 487, we need not reach defendant's alternative contentions that a statutory distinction between automobile thieves convicted under the two statutes would be absurd or would violate equal protection principles.

**B.**

A defendant seeking resentencing under section 1170.18 bears the burden of establishing his or her eligibility, including by providing in the petition a statement of personally known facts necessary to eligibility. (*Romanowski*, *supra*, 2 Cal.5th at p. 916; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136–137; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879–880.) To establish eligibility for resentencing on a theory that a Vehicle Code section 10851 conviction was based on theft, a defendant must show not only that the vehicle he or she was convicted of taking or driving was worth $950 or less (§ 490.2, subd. (a)), but also that the conviction was based on theft of the vehicle rather than on posttheft driving (see *Garza*, *supra*, 35 Cal.4th at p. 871) or on a taking without the intent to permanently deprive the owner of possession (see *People v. Riel*, *supra*, 22 Cal.4th at p. 1205).**5**

---

**4**     Two other Court of Appeal decisions that remain published despite our grant of review similarly held Vehicle Code section 10851 convictions categorically ineligible for resentencing under section 1170.18: *People v. Sauceda* (2016) 3 Cal.App.5th 635, review granted November 30, 2016, S237975, and *People v. Johnston* (2016) 247 Cal.App.4th 252, review granted July 13, 2016, S235041. We disapprove those decisions to the extent they so held.

**5**     We have no occasion here to consider whether equal protection or the avoidance of absurd consequences requires that misdemeanor sentencing under sections 490.2 and 1170.18 extend not only to those convicted of theft under Vehicle Code section 10851, but also to those convicted for taking a vehicle

*(footnote continued on next page)*

13

Because vehicle theft often involves driving the vehicle, determining eligibility for resentencing under section 1170.18 will frequently require distinguishing between theft and unlawful driving after a theft. Posttheft driving in violation of Vehicle Code section 10851 consists of driving a vehicle without the owner's consent after the vehicle has been stolen, with the intent to temporarily or permanently deprive the owner of title or possession. Where the evidence shows a "substantial break" between the taking and the driving, posttheft driving may give rise to a conviction under Vehicle Code section 10851 distinct from any liability for vehicle theft. (*People v. Kehoe* (1949) 33 Cal.2d 711, 715 [discussing predecessor statute]; accord, *Van Orden*, *supra*, 9 Cal.App.5th at p. 1287, rev. granted; *People v. Strong* (1994) 30 Cal.App.4th 366, 374–375; *People v. Malamut* (1971) 16 Cal.App.3d 237, 241–242.)[6]

A resentencing court should ordinarily be able to determine from the record of conviction whether the Vehicle Code section 10851 conviction was based on vehicle theft, as opposed to posttheft driving. Where the trial testimony or factual basis documentation for a negotiated plea (see Pen. Code, § 1192.5) shows posttheft driving—that is, driving the vehicle following a "substantial break" after the vehicle had initially been stolen—the defendant cannot establish eligibility

---

*(footnote continued from previous page)*

*without* the intent to permanently deprive the owner of possession. Defendant did not expressly argue for this position in his briefs, and at oral argument counsel appeared to disavow it. Nor does the record indicate defendant was convicted and sentenced to a felony term based on a merely temporary taking or that he was denied resentencing on that basis. We therefore leave the question for a case where it is squarely presented by the facts and briefing.

[6] Of course, the absence of a substantial break between the taking of a vehicle and its driving does not itself demonstrate a Vehicle Code section 10851 conviction was based on theft; theft requires a taking with the intent to steal.

under section 1170.18 by declaring or testifying that he or she also stole the vehicle: such testimony would not prove the conviction was *based on* theft rather than on posttheft driving, and therefore would fail to establish that the defendant would only have been guilty of a misdemeanor (petty theft under section 490.2, subd. (a)) had Proposition 47 been in effect at the time of the offense. (But cf. *Romanowski*, *supra*, 2 Cal.5th at p. 916 [recognizing that in some cases the facts material to eligibility may not be established by the record of conviction or the uncontested petition and an evidentiary hearing may be warranted upon presentation of prima facie proof].)

Whatever difficulties of proof defendants seeking relief under section 1170.18 may face, Vehicle Code section 10851 convictions are not categorically ineligible for resentencing, and defendants serving sentences for that offense are due an opportunity to prove their eligibility.

## C.

Defendant's petition included no allegations, testimony, or record references to show either that his Vehicle Code section 10851 conviction rested on theft of the vehicle or that the vehicle's value was $950 or less. The petition was therefore properly denied. But as the proper allocation of the burden of proof and the facts necessary to resentencing on a Vehicle Code section 10851 conviction were not set out expressly in the text of Proposition 47, and as neither had yet been judicially articulated when defendant submitted his petition for recall, petitioner is entitled to an opportunity to file a new petition meeting the statutory requirements. Such a petition should allege and, where possible, provide evidence of the facts necessary to eligibility for resentencing under section 1170.18. (*Romanowski*, *supra*, 2 Cal.5th at p. 916; *People v. Perkins*, *supra*, 244 Cal.App.4th at pp. 139–140; *People v. Sherow*, *supra*, 239 Cal.App.4th at pp. 880–881.)

15

### III.

The judgment of the Court of Appeal is modified to provide that the superior court's order denying defendant's petition is affirmed without prejudice to consideration of a petition providing evidence of his eligibility.

**KRUGER, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**HULL, J.**[*]

---

[*]     Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Page

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 241 Cal.App.4th 714
**Rehearing Granted**

_____

**Opinion No.**S230793
**Date Filed:** November 30, 2017

_____

**Court:** Superior
**County:** San Bernardino
**Judge:** Lorenzo R. Balderrama and Michael A. Smith*

_____

**Counsel:**

Jeffrey S. Kross, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steven T. Oetting, Deputy State Solicitor General, Michael Pulos, Arlene A. Sevidal and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

*Retired judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Jeffrey S. Kross
P.O. Box 2252
Sebastopol, CA  95473-2252
(707) 823-8665

Christen Somerville
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA  92101
(619) 645-2403