Filed 5/21/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA J. WILLIAMS,<br><br>        Defendant and Appellant. | A143877<br><br>(Sonoma County<br>Super. Ct. No. SCR-594147) |

**I.**

**INTRODUCTION**

Appellant Joshua J. Williams appeals from the trial court's denial of his petition to recall his sentence pursuant to Penal Code section 1170.18,[1] a provision enacted by Proposition 47, and to reduce his prior conviction for buying or receiving a stolen vehicle (§ 496d) from a felony to a misdemeanor. We conclude that although section 1170.18 does not expressly reference section 496d, it does permit resentencing under section 490.2 for "obtaining any property by theft" valued at less than $950. A conviction for receiving a stolen vehicle is obtaining property by theft and qualifies for resentencing. However, appellant failed to demonstrate the value of the stolen vehicle before the trial court. We therefore affirm the order without prejudice to the filing of a new petition demonstrating appellant's eligibility for resentencing.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

## II.

## PROCEDURAL HISTORY

On January 26, 2011, the Sonoma County District Attorney filed a criminal information charging appellant with one felony count of receiving a stolen vehicle, in violation of section 496d, subdivision (a), and alleging as sentencing enhancements that appellant had been convicted and served five prior prison sentences within the meaning of section 667.5, subdivision (b), one of which was also a serious or violent felony, within the meaning of section 1170.12. Appellant pleaded no contest to the receiving stolen vehicle charge, and admitted all of the special allegations. Thereafter, the court granted appellant's request to dismiss the prior strike finding, imposed a suspended sentence of seven years, and granted appellant four years of formal probation.

On November 21, 2014, appellant filed a petition to recall his sentence, to reduce his conviction from a felony to a misdemeanor, and for resentencing (§ 1170.18, subds. (b), (d), (f)). He contended that his conviction for receiving a stolen vehicle (§ 496d) should be reduced to a misdemeanor because the stolen vehicle he received was worth less than $950, and Proposition 47 changed the crime of theft from a felony to a misdemeanor when the property involved was valued at $950 or less.

After a hearing on December 10, 2014, the trial court denied the petition, ruling that recall of a sentence was not available for a conviction for receiving a stolen vehicle in violation of section 496d. The court reasoned that section 1170.18 was clear on its face and specific in listing the offenses that are subject to recall under that section. Receiving a stolen vehicle under section 496d was not one of those offenses. The court stated: "If I'm wrong on that issue, then we'd have to determine the value of the car."

Appellant filed a timely notice of appeal on December 22, 2014.

## III.

## DISCUSSION

As he did below, appellant contends the crime of receipt of a stolen, low-value vehicle is included, if not directly then by implication, in those offenses subject to reduction from felony to misdemeanor status under Proposition 47. Alternatively,

2

appellant argues the denial of his petition violated the equal protection clauses of the federal and state constitutions.

The interpretation of a statute is a question of law, and is subject to de novo review.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)  In interpreting a statute, the appellate court, like the trial court, is restrained by the overriding principle that where the statute is clear and unambiguous, the plain meaning of the statute controls its interpretation.  (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.)  This mandated tenet of statutory construction was reiterated in *People v. Rivera* (2015) 233 Cal.App.4th 1085 (*Rivera*), a case where the appellate court was called upon to interpret another aspect of Proposition 47.  The court began that portion of its opinion as follows:

" 'In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction.'  [Citation.]  ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.  [Citations.]" '  [Citation.]  In the case of a provision adopted by the voters, 'their intent governs.'  [Citation.]  [¶] 'In determining such intent, we begin with the language of the statute itself.'  [Citation.]  We look first to the words the voters used, giving them their usual and ordinary meaning.  ' "If there is no ambiguity in the language of the statute, 'then . . . the plain meaning of the language governs.' " '  [Citation.]  "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' " '  [Citation.]  [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation.' " '  [Citation.]' [Citation.]" (*Rivera*, *supra*, 233 Cal.App.4th at pp. 1099–1100.)

With these guidelines in mind, we turn to section 1170.18, which provides in pertinent part:

"(a) A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at

3

the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

Proposition 47 also added section 490.2, which states in part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2.)

Section 496d is not expressly listed in section 1170.18. However, section 1170.18 does permit resentencing to a misdemeanor under section 490.2 for obtaining property by theft if the property is worth $950 or less. Thus, our Supreme Court has held that theft crimes involving property of a value of $950 or less come within the ambit of Proposition 47 even if they are not expressly listed in section 1170.18. (*People v. Page* (2017) 3 Cal.5th 1175 (*Page*); *People v. Romanowski* (2017) 2 Cal.5th 903, 910 (*Romanowski*).) The issue in *Page* was whether those serving felony sentences for violation of Vehicle Code section 10851[2] at the time Proposition 47 was enacted are

_____

[2] Vehicle Code section 10851 provides in relevant part: "(a) Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her

4

entitled to reduction of their sentences under section 1170.18, even though a violation of Vehicle Code section 10851 is not expressly enumerated as an offense eligible for reduction under section 1170.18. (*Page*, *supra*, 3 Cal.5th at pp. 1179–1180.)[3] "By its terms, Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense. As noted, section 490.2, subdivision (a), mandates misdemeanor punishment for a defendant who 'obtain[ed] any property by theft' where the property is worth no more than $950. An automobile is personal property. 'As a result, after the passage of Proposition 47, an offender who obtains a car valued at less than $950 by theft must be charged with petty theft and may not be charged as a felon under any other criminal provision.' [Citation]." (*Id.* at p. 1183, italics omitted.)

The court, relying on *People v. Garza* (2005) 35 Cal.4th 866, 871, observed that Vehicle Code section 10851 can be violated in either of two ways: a defendant who unlawfully takes a vehicle with the intent to permanently deprive the owner of possession has committed a theft offense; a defendant who unlawfully drives a stolen vehicle after the theft is complete, or acts with only the intent to deprive the owner temporarily of possession, has not committed a theft offense. (*Page*, *supra*, 3 Cal.5th at pp. 1183–1184.) Therefore, a defendant serving a sentence for a felony violation of Vehicle Code section 10851 is eligible for resentencing under Proposition 47 only if he can demonstrate he was convicted of taking a vehicle valued at $950 or less with the intent permanently to deprive the owner of possession. (*Id.* at p. 1184.)

In *Romanowski*, our Supreme Court held that theft of access card information is a crime of " 'obtaining any property by theft' " within the meaning of section 490.2, subdivision (a). (*Romanowski*, *supra*, 2 Cal.5th at p. 910.) Romanowski was convicted

---

title to or possession of the vehicle, whether with or without intent to steal the vehicle, . . . is guilty of a public offense . . . ."

[3] After our Supreme Court issued its decision in *Page*, we asked the parties to submit supplemental briefs on *Page*'s application to this case. Both parties agree that the holding in *Page* does not govern the outcome here, but they each argue it supports their interpretation of Proposition 47.

of violating section 484e which states: "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft." (§ 484e, subd. (d).) "The text and structure of Proposition 47 convey that section 490.2's clear purpose was to reduce punishment for crimes of 'obtaining any property by theft' that were previously punished as 'grand theft' when the stolen property was worth less than $950. And section 484e confirms that theft of access card information is one of those crimes." (*Romanowski*, at p. 909.) The court stated there was "no reason to assume that reasonable voters seeking to anticipate the consequences of enacting Proposition 47 would have concluded that theft of access card information worth less than $950 is a serious or violent crime exempt from Proposition 47's reach. [Citation.] . . . And downgrading the punishment for theft of access cards information worth less than $950 no doubt serves Proposition 47's purpose of '[r]equir[ing] misdemeanors instead of felonies for nonserious, nonviolent crimes.' [Citation.]" (*Ibid*.)[4]

Appellant argues section 1170.18 includes the crime of receiving a stolen vehicle valued at under $950, "by implication." Appellant is correct that simply because section 1170.18 does not list section 496d does not preclude resentencing. In a recent decision, our Supreme Court reaffirmed the mere fact a code section is not enumerated in Penal Code section 1170.18 is "not fatal" to a petition for resentencing. (*People v. Martinez* (2018) 4 Cal.5th 647, 652). "Rather, . . . eligibility for resentencing turns on whether [the accused] is a person serving 'a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense . . . .' (Pen. Code, § 1170.18(a).)" (*Ibid*.)

---

[4] We note that the Supreme Court granted review in several cases holding that Proposition 47 did not apply to section 496d, and remanded the cases after issuing its decision in *Romanowski*. (See *People v. Varner* (2016) 3 Cal.App.5th 360; *People v. Nichols* (2016) 244 Cal.App.4th 681; *People v. Garness* (2015) 241 Cal.App.4th 1370; *People v. Peacock* (2015) 242 Cal.App.4th 708.)

Appellant next asserts that it is inconsistent to allow a reduction to a misdemeanor for the crimes of auto theft valued under $950 under Vehicle Code section 10851 and receiving stolen property of less than $950 under section 496, but not for the crime of receipt of a stolen vehicle worth less than $950. Proposition 47 reduced the section 496 offense of receiving stolen property to a misdemeanor in cases in which the property involved is valued under $950.[5] However, Section 496d which applies to a person who buys or receives a stolen vehicle is not explicitly listed.[6] There does not seem to be any logical basis to distinguish between the receipt of stolen property and receipt of a stolen vehicle under Proposition 47. In *Page*, the Supreme Court noted that an automobile is personal property. (*Page*, *supra*, 3 Cal.5th at p. 1183.) Relying on the reasoning in *Romanowski*, we see no reason to assume that a reasonable voter would conclude that receipt of a stolen vehicle worth less than $950 is a serious and violent crime outside the reach of Proposition 47 when receipt of any other form of stolen property is not. (*Romanowski*, *supra*, 2 Cal.5th at p. 909.)

The People make a distinction based on the argument that receiving a stolen vehicle is not theft offense. The People argue that *Romanowski* does not govern this case

---

[5] Section 496, subdivision (a) provides: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170."

[6] Section 496d states in part: "(a) Every person who buys or receives any motor vehicle, . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle, trailer, special construction equipment, or vessel from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both."

7

because it addressed theft statutes and section 496d is not a theft statute.[7]  This reasoning is misguided because 496d is a theft statute to the same degree section 484e is a theft statute.  Both fall within part 1, title 13, chapter 5, "Larceny," within the Penal Code.  As the Court noted in *Romanowski*, "the Legislature chose to place section 484e in a chapter of the Penal Code entitled 'Theft.'  [Citation.]"  (*Romanowski*, *supra*, 2 Cal.5th at p. 912.)

The same is true for section 496d.  In *Romanowski*, the People argued that section 484e does not define a theft crime because the statute criminalizes when someone "acquires or retains possession" of access card account information.  (*Romanowski*, *supra*, 2 Cal.5th at p. 912, italics omitted.)  "Theft of access card information requires 'acquir[ing] or retain[ing] possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent.' (§ 484e, subd. (d) . . . .)  This 'without . . . consent' requirement confirms that theft of access card information is a 'theft' crime in the way the Penal Code defines 'theft.' "  (*Ibid.*, italics omitted.)

The same analysis applies to section 496d which criminalizes buying, receiving, or concealing a stolen vehicle.  Buying and receiving a stolen item is analogous to acquiring or retaining stolen access card information.  Both section 484e and 496d involve " 'obtaining . . . property by theft' " and the "text and structure of Proposition 47 convey that section 490.2's clear purpose was to reduce punishment for crimes of 'obtaining any property by theft' that were previously punished as 'grand theft' when the stolen property was worth less than $950." (*Romanowski*, *supra*, 2 Cal.5th at p. 909.)

Finally, we agree with appellant that the overarching purpose of Proposition 47 was to reduce penalties for certain crimes and concomitantly to save costs to the state, where it is also determined by the court that reducing the crime and accompanying sentence will not create an unreasonable risk of danger to public safety.  (See § 1170.18, subd. (b).)  Thus, the purposes of the new law included the reduction to "misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession,

_____

[7] We asked the parties to file supplemental briefs addressing the application of *Romanowski*, *supra*, 2 Cal.5th 903 to this case.

unless the defendant has prior convictions for specified violent or serious crimes"; and where the reduction in sentence will "save significant state corrections dollars on an annual basis." (Voter Information Guide, Gen. Elec., text of Prop. 47, § 3, subds. (3) & (6), p. 70.)

Both *Page* and *Romanowski* demonstrate that the Supreme Court's view that the language of Proposition 47 should be read broadly to effectuate the voters' intent. (*Page*, *supra*, 3 Cal.5th at 1187; *Romanowski*, *supra*, 2 Cal.5th at p. 909.) "This reading of Proposition 47 is consistent with the voters' instruction, in two uncodified sections of the initiative measure, that Proposition 47 be construed 'broadly' and 'liberally' to effectuate its purposes. (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, §§ 15, 18, p. 74.) It is also consistent with Proposition 47's legislative history. In the voter guide to Proposition 47, the Legislative Analyst explained that under existing law, theft of property worth $950 or less could be charged as a felony 'if the crime involves the theft of certain property (such as cars).' (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.) Under the initiative, according to the analysis, such crimes would no longer be charged as grand theft 'solely because of the type of property involved.' (*Ibid.*)" (*Page*, at p. 1187; *Romanowski*, at p. 909 ["Proposition 47 directed that the text of the initiative 'shall be broadly construed to accomplish its purposes' and 'shall be liberally construed to effectuate its purposes.' (Voter Information Guide, *supra*, text of Prop. 47, §§ 15, 18, p. 74.)."].)

Having concluded that section 496d falls within Proposition 47, we turn to whether appellant is entitled to resentencing here. Appellant has failed to meet his burden of establishing the vehicle, a 1991 Nissan, was worth $950 or less. "The ultimate burden of proving section 1170.18 eligibility lies with the petitioner." (*Romanowski*, *supra*, 2 Cal.5th at p. 916, citing Evid. Code, § 500.) In some cases, this information may be established in the record of conviction, but in other cases, "eligibility for resentencing may turn on facts that are not established by either the uncontested petition or the record of conviction. In these cases, an evidentiary hearing may be 'required if, after considering the verified petition, the return, any denial, any affidavits or declarations

9

under penalty of perjury, and matters of which judicial notice may be taken, the court finds there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact.' (Cal. Rules of Court, rule 4.551(f); see also *People v. Sherow* (2015) 239 Cal.App.4th 875, 880 . . . ['A proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination.'].)" (*Romanowski*, at p. 916.)

As the trial court noted at the hearing on appellant's petition, if appellant was entitled to resentencing, "we'd have to determine the value of the car." Appellant presented no facts to establish the value of the car before the trial court. At the hearing, Appellant's counsel stated, "[m]y review of the file does not indicate what the value of the vehicle might have been. It was a 1991 Nissan[.]"

We therefore deny appellant's petition without prejudice to presenting facts to establish his eligibility before the trial court.[8]

## IV.

## DISPOSITION

The denial of appellant's petition to recall his sentence and for resentencing under section 1170.18 is affirmed without prejudice to consideration of a petition providing evidence of appellant's eligibility for resentencing.

---

[8] We need not reach appellant's equal protection argument because we conclude that section 496d falls within Proposition 47 and appellant, if eligible, is entitled to resentencing.

_____
SMITH, J.[*]

We concur:

_____
STREETER, Acting P. J.


_____
REARDON, J.

[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A143877, *People v. Williams*

11

Trial Court:                         Sonoma County Superior Court

Trial Judge:                         Hon. Dana B. Simonds

Counsel for Appellant:               David S. Krueger, under appointment by the
                                     Court of Appeal under the First District
                                     Appellate Project Independent Case System

Counsel for Respondent:              Kamala D. Harris
                                     Xavier Becerra
                                     Attorneys General of California

                                     Gerald E. Engler
                                     Chief Assistant Attorney General

                                     Jeffrey M. Laurence
                                     Senior Assistant Attorney General

                                     Seth K. Schalit
                                     Supervising Deputy Attorney General

                                     John F. Frost
                                     Victoria Ratnikova
                                     Deputy Attorneys General

A143877, *People v. Williams*