Filed 8/14/20  P. v. Jones CA5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RONALD LEE JONES,<br><br>Defendant and Appellant. | F074518<br><br>(Super. Ct. No. 1497888)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Ivan P. Mars, Lewis A. Martinez and Amanda A. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Detjen, J. and Meehan, J.

## INTRODUCTION

In January 2016, police located a car that was reported stolen approximately one week earlier. Defendant Ronald Lee Jones was seated in the driver's seat. He was charged in count 1 with unlawfully taking or driving a vehicle in violation of Vehicle Code section 10851, subdivision (a), and in count 2 with receiving a stolen vehicle in violation of Penal Code section 496d, subdivision (a).[1] On April 11, 2016, defendant pleaded no contest to count 2, receiving a stolen vehicle, and he admitted he suffered a prior conviction for robbery in violation of section 211. Count 1 and the other prior conviction allegations were dismissed. During the same proceeding, defendant was sentenced to the upper term of three years, doubled to six years for his prior conviction within the meaning of the "Three Strikes" law, plus an additional one year for serving a prior prison term, for a total determinate term of seven years in state prison. (§§ 667, subd. (d), 667.5, subd. (b).)

Defendant filed a timely notice of appeal, which was subsequently dismissed on October 11, 2016, at defendant's request. (Cal. Rules of Court, rules 8.308(a), 8.316(b)(2).)[2] On July 5, 2016, during the pendency of his later-dismissed appeal, defendant sent the trial court a handwritten request for relief under Proposition 47 pursuant to section 1170.18. The trial court found defendant ineligible for relief and denied his petition on the ground that Proposition 47 does not apply to convictions under section 496d.

In this appeal, defendant challenged the trial court's determination that he was ineligible to seek recall of his sentence and resentencing under Proposition 47. (§ 1170.18.) The People contended that defendant waived his right to appeal as part of the plea bargain, he failed to obtain a certificate of probable cause, he is not entitled to

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     That appeal is not at issue here.

seek relief under Proposition 47 vis-à-vis the retrospective petitioning process set forth in section 1170.18, and, on the merits, his conviction under section 496d does not qualify for reduction under Proposition 47.

In a nonpublished opinion, we followed *People v. Varner* (2016) 3 Cal.App.5th 360, 364, and concluded the trial court did not err in finding defendant ineligible for relief under Proposition 47. (*People v. Jones* (July 20, 2018, F074518) [2018 Cal.App.Unpub. Lexis 4927] [nonpub. opn.].) The California Supreme Court granted review and remanded the case to us with directions to vacate our decision and reconsider the cause in light of *People v. Orozco* (2020) 9 Cal.5th 111 (*Orozco*). We have done so and, in accordance with *Orozco*, we again affirm the trial court's ruling. (*Id.* at p. 123.)[3]

**DISCUSSION**

## I. Proposition 47

"Proposition 47 was passed by voters at the November 4, 2014, General Election, and took effect the following day. The measure's stated purpose was 'to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment,' while also ensuring 'that sentences for people convicted of dangerous crimes like rape, murder, and child molestation are not changed.' (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70 (Voter Information Guide).) To these ends, Proposition 47 redefined several common theft- and drug-related felonies as either misdemeanors or felonies, depending on the offender's criminal history. The redefined offenses include: shoplifting of property worth $950 or less (Pen. Code, § 459.5, subd. (a)); forgery of instruments worth $950 or less (Pen. Code, § 473,

---

[3] The People filed a supplemental brief in response to our order after remand permitting supplemental briefing. Defendant did not.

subd. (b)); fraud involving financial instruments worth $950 or less (Pen. Code, § 476a, subd. (b)); theft of, or receiving, property worth $950 or less (Pen. Code, §§ 490.2, subd. (a), 496, subd. (a)); petty theft with a prior theft-related conviction (Pen. Code, § 666, subd. (a)); and possession of a controlled substance (Health & Saf. Code, §§ 11350, subd. (a), 11377, subd. (a))." (*People v. DeHoyos* (2018) 4 Cal.5th 594, 597–598; accord, *People v. Martinez* (2018) 4 Cal.5th 647, 651.)

"Proposition 47 also added section 1170.18, concerning persons currently serving a sentence for a conviction of a crime that the proposition reduced to a misdemeanor. It permits such a person to 'petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with' specified sections that 'have been amended or added by this act.' (§ 1170.18, subd. (a).) If the trial court finds that the person meets the criteria of subdivision (a), it must recall the sentence and resentence the person to a misdemeanor, 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*People v. Morales* (2016) 63 Cal.4th 399, 404; accord *People v. Valencia* (2017) 3 Cal.5th 347, 355.)[4] Section 1170.18 further provides that "[a] person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of

---

[4] Section 1170.18, subdivisions (a) and (j) were amended, effective January 1, 2017, to (1) change the terms of statutory application from "[a] person currently serving a sentence for a conviction[]" to "[a] person who, on November 5, 2014, was serving a sentence for a conviction," and (2) extend the petition or application filing date from "within three years after the effective date of the act that added this section or at a later date upon a showing of good cause" to "on or before November 4, 2022, or at a later date upon showing of good cause." (Legis. Counsel's Dig., Assem. Bill No. 2765, approved by Governor, Sept. 28, 2016 (2015–2016 Reg. Sess.) ch. 767, § 1, pp. 1, 3.) Although not relevant to the issues on appeal, the statute was also amended effective June 27, 2017 (Legis. Counsel's Dig., Assem. Bill No. 103, approved by Governor, June 27, 2017 (2017–2018 Reg. Sess.) ch. 17, §§ 2, 26, pp. 12, 32–34), and October 7, 2017 (Legis. Counsel's Dig., Assem. Bill No. 1516, approved by Governor Oct. 7, 2017 (2017–2018 Reg. Sess.) ch. 561, § 189, pp. 238–240).

the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).)

## II.     Eligibility to Petition for Relief Under Section 1170.18

"The ultimate burden of proving section 1170.18 eligibility lies with the petitioner." (*People v. Romanowski* (2017) 2 Cal.5th 903, 916; accord, *People v. Page* (2017) 3 Cal.5th 1175, 1188 (*Page*).) Defendant concedes that his petition does "not fit neatly within the proposition's categories for obtaining relief[,]" but urges us to construe the statute liberally to grant him relief.

Assuming a conviction is otherwise eligible for relief, the retrospective petitioning process set forth in section 1170.18 is, by its express terms, available to those criminal defendants who were serving a sentence on November 5, 2014, or who had completed a sentence. (§ 1170.18, subds. (a), (f); *People v. Lara* (2019) 6 Cal.5th 1128, 1135; *People v. Gutierrez* (2018) 20 Cal.App.5th 847, 855.) Given that defendant was not convicted of violating section 496d until 2016, he was categorically ineligible to file a petition seeking recall of his sentence and resentencing under section 1170.18. (*People v. Lara*, *supra*, at p. 1135.) Defendant does not contend otherwise and we may not, as he suggests, "liberally construe[]" the statute to reach a contrary result.[5]

---

[5]     Anticipating an issue with his attempt to seek relief under Proposition 47 via section 1170.18, defendant asserts that the trial court also retained jurisdiction to review his sentence under section 1170, subdivision (d)(1), which provides, in relevant part, "[T]he court may, within 120 days of the date of commitment on its own motion … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." The trial court, however, did not act pursuant to its authority under section 1170, subdivision (d)(1), nor did defendant seek relief under that statute. (See *People v. Loper* (2015) 60 Cal.4th 1155, 1167 [recognizing a defendant's right to invite the trial court to exercise its power to resentence under § 1170, subd. (d)].)

## III. Eligibility for Relief from Conviction Under Proposition 47

Moreover, the trial court correctly determined that convictions under section 496d are not eligible for relief under Proposition 47. Defendant's claim to the contrary is foreclosed by the California Supreme Court's recent decision in *Orozco*, which disapproved *People v. Wehr* (2019) 41 Cal.App.5th 123, 134 and held that Proposition 47 does not afford any relief to those convicted of violating section 496d. (*Orozco*, *supra*, 9 Cal.5th at pp. 122–123.)

In *People v. Wehr*, the Court of Appeal relied on *Page* and analogized section 490.2, added to the Penal Code by Proposition 47 and pertaining to theft, to section 496, subdivision (a), amended by Proposition 47 and pertaining to receiving stolen property. (*People v. Wehr*, *supra*, 41 Cal.App.5th at pp. 129–131.)[6] The court concluded that Proposition 47 applies to convictions for receiving stolen vehicles under section 496d. (*People v. Wehr*, *supra*, at p. 134.)[7] The high court rejected this reasoning

---

[6] Section 490.2 provides, in relevant part, "(a) Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 490.2, subd. (a).)

Section 496, subdivision (a), provides, in relevant part, "(a) Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

[7] Section 496d provides, in relevant part, "(a) Every person who buys or receives any motor vehicle, as defined in Section 415 of the Vehicle Code, any trailer, as defined in Section 630 of the Vehicle Code, any special construction equipment, as defined in Section 565

---

6.

in *Orozco* and explained, "First, section 490.2 is intended to reclassify conduct previously criminalized by other offenses into the offense of petty theft. Instead of modifying the penalties for the existing grand theft statutes, section 490.2 separately defines a category of conduct called 'petty theft' that sweeps broadly to include theft of any property valued at $950 or less. [Citation.] For this reason, "'the independent clause [in section 490.2] containing the definition of petty theft stands on its own and means what it says.'" [Citation.] Section 490.2 was therefore intended to function as a sweeping catchall that would capture all forms of theft, including those chargeable under [Penal Code] section 484e or Vehicle Code section 10851." (*Orozco*, *supra*, 9 Cal.5th at p. 120.)

"Proposition 47's amendment to section 496[, subdivision ](a), by contrast, does not exhibit the same intent to reclassify conduct criminalized by section 496d." (*Orozco*, *supra*, 9 Cal.5th at p. 120.) "Proposition 47's amendment to section 496[, subdivision ](a) did not create a new offense or purport to broadly reclassify several existing offenses, but rather reduced the punishment for a subset of an existing offense. The term 'the offense' in the amended portion plainly refers to the offense specified in the previous sentence, i.e., receipt of stolen property punished under section 496[, subdivision ](a). Thus, unlike section 490.2, the clause in section 496[, subdivision ](a) reducing punishment for receipt of stolen property valued at $950 or less does not

---

of the Vehicle Code, or any vessel, as defined in Section 21 of the Harbors and Navigation Code, that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle, trailer, special construction equipment, or vessel from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both." (§ 496d, subd. (a).)

"'stand[] on its own.'" [Citation.] It refers exclusively to offenses punished under section 496[, subdivision ](a)." (*Ibid.*)

Second, "the 'notwithstanding' clause in section 490.2 clarifies that if the statute conflicts with a preexisting statute punishing the same conduct, section 490.2 would override that other statute." (*Orozco*, *supra*, 9 Cal.5th at p. 121.) "The absence of any 'notwithstanding' clause in section 496[, subdivision ](a) indicates that the drafters did not intend for the statute to affect conduct criminalized in other statutes, let alone reclassify conduct covered in those statutes." (*Ibid.*)

The court also disagreed with *People v. Williams* (2018) 23 Cal.App.5th 641, 649–650, in which the Court of Appeal concluded that receiving a stolen vehicle under section 496d qualifies as a theft offense under section 490.2. (*Orozco*, *supra*, 9 Cal.5th at pp. 121–122.) The court explained that receiving stolen property is not a theft offense: it does not include the elements of "'taking with intent … to permanently deprive the owner of its possession[]'" as does theft; "[b]ecause a 'theft conviction operates as a bar to a receiving conviction' [citation], it is difficult to understand how receiving stolen property could amount to theft[]"; and "interpreting receiving stolen property to be a form of a theft offense would render part of Proposition 47 superfluous." (*Id.* at pp. 121–122.)

In light of the holding in *Orozco*, we reject defendant's claim that Proposition 47 entitles him to relief from his conviction for receiving a stolen vehicle under section 496d. The trial court's ruling is affirmed.[8]

## DISPOSITION

With respect to defendant's conviction for receiving a stolen vehicle under section 496d, the trial court's order finding defendant ineligible for recall of sentence and resentencing under section 1170.18 is affirmed.

---

[8] Given this determination, we do not address the People's arguments that defendant waived his right to appeal as part of the plea bargain and that he failed to obtain a certificate of probable cause.

8.