Filed 8/26/20  P. v. Pelaez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MARIA JESUS PELAEZ,<br><br>　　　Defendant and Appellant. | B303650<br><br>(Los Angeles County<br>Super. Ct. No. GA077659) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

　　　Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

　　　　　　　　———————————

Appellant Maria Jesus Pelaez challenges the trial court's summary denial of her Penal Code section 1170.95[1] petition for resentencing relating to a conviction for voluntary manslaughter. We affirm the trial court's denial.

## BACKGROUND

The information charged Pelaez with murder (§ 187, subd. (a)), torture (§ 206), and assault on a child causing death (§ 273a, subd. (b).) As part of a plea agreement, these charges were dismissed, and Pelaez pleaded no contest to voluntary manslaughter (§ 192, subd. (a)) and two counts of child endangerment (§ 273a, subd. (a)) and admitted to death-of-the-victim enhancement allegations (§ 12022.95). The trial court sentenced Pelaez to 11 years for manslaughter plus 10 years and 8 months on the other counts and enhancements, for a total sentence of 21 years and 8 months.

On December 5, 2019, Pelaez filed a petition for resentencing pursuant to section 1170.95, in which she requested counsel. On December 11, 2019, the trial court summarily denied the petition without appointing counsel or scheduling any briefing on the grounds that Pelaez was ineligible for resentencing because she was convicted of voluntary manslaughter, not murder. Pelaez timely filed a notice of appeal from the denial of her section 1170.95 petition.

---

[1] All unspecified statutory references are to the Penal Code.

## DISCUSSION

### A. A Defendant Convicted of Voluntary Manslaughter Is Not Eligible for Section 1170.95 Resentencing Relief

Pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.), the Legislature enacted section 1170.95, which permits "[a] person convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder conviction* vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner *was convicted of first degree or second degree murder* following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of *first or second degree murder* because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a), italics added.)

Pelaez contends the trial court erred in summarily denying her section 1170.95 petition on the basis that she was convicted of voluntary manslaughter and not murder.  Pelaez argues section 1170.95, subdivision (a)'s condition that the petitioner "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder," suggests section 1170.95 applies to persons charged with first or second degree murder, but who accepted a plea of a lesser charge, such as manslaughter.  She also argues that interpreting section 1170.95 to not extend to voluntary manslaughter is inconsistent

3

with the intent of the Legislature, would produce absurd consequences, and violates her constitutional rights to due process and equal protection.

Each of these arguments has already been considered and rejected in a number of well-reasoned appellate opinions. (*People v. Paige* (2020) 51 Cal.App.5th 194 [holding § 1170.95 does not apply to persons charged with murder but who plead guilty to voluntary manslaughter; and rejecting the appellant's arguments that such an interpretation is inconsistent with the legislative purpose, produces absurd consequences, or violates equal protection]; *People v. Sanchez* (2020) 48 Cal.App.5th 914 [holding § 1170.95 does not apply to persons charged with murder but who plead guilty to voluntary manslaughter; and rejecting the appellant's arguments that such an interpretation produces absurd consequences or violates equal protection]; *People v. Turner* (2020) 45 Cal.App.5th 428 [holding § 1170.95 does not apply to persons charged with murder but who plead guilty to voluntary manslaughter; and rejecting the appellant's arguments that such an interpretation is inconsistent with the legislative purpose or produces absurd consequences]; *People v. Flores* (2020) 44 Cal.App.5th 985 [holding § 1170.95 does not apply to persons charged with murder but who plead guilty to voluntary manslaughter; and rejecting the appellant's arguments that such an interpretation produces absurd results]; *People v. Cervantes* (2020) 44 Cal.App.5th 884 [holding § 1170.95 does not apply to persons charged who plead guilty to voluntary manslaughter; and rejecting the appellant's arguments that such an interpretation violates constitutional rights to equal protection or due process].) We have found no contrary authority.

Pelaez argues that *Cervantes*, *Flores*, and *Turner* are wrongly decided, overly simplistic, and unpersuasive. However, with one exception discussed below, Pelaez does not raise any new arguments that were not soundly addressed in those opinions.

Pelaez further argues Supreme Court authority, *People v. Page* (2017) 3 Cal.5th 1175, counsels in favor of extending section 1170.95 beyond murder. We conclude *Page* is inapposite in this regard. *Page* concerned the reclassification of felony theft to a misdemeanor and resentencing pursuant to Proposition 47 if the value of the property taken was worth $950 or less. Appellant Page had been convicted of violating Vehicle Code section 10851, which involves the "taking or driving a vehicle." (*Id*. at pp. 1179-1180.) Our Supreme Court held that although the resentencing statute did not expressly list Vehicle Code section 10851, Vehicle Code section 10851 fell within the provision of the general resentencing statute when the value of the vehicle was less than $950 and involved theft rather than joyriding. (*Id*. at p. 1187.)

Here, there is no comparable statutory language at issue. Section 1170.95 specifically confines itself to the crime of murder.

## B. The Trial Court Did Not Err in Denying Pelaez's Petition Prior to the Appointment of Counsel or Scheduling Briefing

Pelaez contends the trial court should have first appointed counsel and ordered briefing prior to denying her petition. We disagree.

Subdivision (c) of section 1170.95 states: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court

5

shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Subdivision (c) requires a petitioner to make two prima facie showings. First, a petitioner must show she " 'falls within the provisions of this section' "—that is, that she is eligible for section 1170.95 relief. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 328, review granted Mar. 18, 2020, S260493 (*Verdugo*); see § 1170.95, subd. (c).) It is only after the petitioner makes this first prima facie showing of eligibility that the trial court need appoint counsel or order briefing. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598 (*Lewis*) ["When the statutory framework is, overall, chronological, courts will construe the timing of particular acts in relation to other acts according to their location within the statute; that is, actions described in the statute occur in the order they appear in the text"]; accord, *Verdugo*, *supra*, at p. 328.) Thereafter, the trial court is to evaluate whether the petitioner has demonstrated a second prima facie showing of entitlement to relief before issuing an order to show cause why relief should not be granted. (*Verdugo*, *supra*, at p. 328.)

In determining whether a petitioner established the initial prima facie showing of eligibility, the trial court is not limited to reviewing the petition. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1138.) The court may also consider the record of conviction (*ibid*), which may include "the complaint, information or indictment filed

6

against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment" (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330). "Allowing the trial court to consider its file and the record of conviction is . . . sound policy" because it will avoid misuse of judicial resources " 'when even a cursory review of the court file [may] show as a matter of law that the petitioner is not eligible for relief.' " (*Lewis*, *supra*, at p. 1138; accord, *Verdugo*, *supra*, at p. 331.)

Here, Pelaez stated in her petition that she pleaded guilty or no contest to first or second degree murder. However, the record of conviction plainly reveals she pleaded no contest to voluntary manslaughter. The trial court "need not credit factual assertions [in the petition] that are untrue as a matter of law— for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980.) As we discussed above, a conviction for voluntary manslaughter does not fall within the ambit of section 1170.95. Pelaez failed to demonstrate an initial prima facie showing of eligibility. The trial court was not required to appoint counsel or schedule briefing prior to such a showing. (*Lewis*, *supra*, 43 Cal.App.5th at pp. 1139-1140; accord, *Verdugo*, *supra*, 44 Cal.App.5th at p. 328.)

## DISPOSITION

The December 11, 2019 minute order denying Pelaez's petition is affirmed.

NOT TO BE PUBLISHED

SINANIAN, J.*

We concur:

CHANEY, J.

BENDIX, Acting P. J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.