Filed 9/2/20  P. v. Bennett CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MAURICE BENNETT,<br><br>    Defendant and Appellant. | B300890<br><br>(Los Angeles County<br>Super. Ct. No. TA097218) |

APPEAL from an order of the Superior Court of Los Angeles County.  Tammy Chung Ryu, Judge.  Reversed and remanded.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Susan Sullivan Pithey, Assistant Attorneys General, Charles S. Lee and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Maurice Bennett (defendant) appeals from the summary denial of his petition for resentencing pursuant to Penal Code section 1170.95.[1] Defendant contends that the trial court erred in finding him ineligible under the terms of the statute, and in failing to appoint counsel as requested in the petition. Respondent agrees that defendant made a showing which satisfied the first step of the two-step procedure dictated by section 1170.95, subdivision (c), and that the matter should be remanded for the appointment of counsel and further briefing. We agree and reverse the trial court and remand for further consideration pursuant to section 1170.95, subdivision (c).

## BACKGROUND

In an information filed in 2008, defendant and two codefendants were charged in count 1 with murder (§ 187, subd. (a)), and in counts 2, 3, 4, and 5 with willful, deliberate, and premeditated attempted murder (§§ 664/187, subd. (a)). Defendant and one of his codefendants were charged in count 7 with carrying a concealed firearm in a vehicle (§ 12025, subd. (a)(1)). The information alleged that a principal personally used and discharged a firearm, and that defendant personally used and intentionally discharged a firearm, causing death and great bodily injury to the victims (counts 1-5). The information also alleged pursuant to section 186.22, subdivision (b), that counts 2 through 5 and 7, were committed for the benefit of, at the direction of, and in association with a criminal street gang with

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

the specific intent to promote, further and assist in criminal conduct by gang members.

In 2010, a jury found defendant guilty of counts 3, 4, and 7, and found true all special allegations as to those counts.[2] After the jury was unable to reach a decision on counts 1, 2, and 5, the jury was discharged. A second jury trial commenced in March 2011. The second jury found defendant guilty of counts 1 and 2, and found true the special firearm allegations within the meaning of section 12022.53 subdivisions (b) and (c). The jury also found that a principal had personally and intentionally discharged a handgun, causing the death and great bodily injury within the meaning subdivision (d) of section 12022.53. The jury was unable to agree however, on whether the murder was in the first or second degree. The trial court declared it to be in the second degree. The court dismissed count 5 pursuant to section 1385. The minute order of September 22, 2016, shows that on the People's motion the information was amended to add count 8, charging murder in violation of section 187, subdivision (a). Pursuant to plea and immunity agreements, defendant entered a plea of guilty to count 8, which the trial court found to be in the second degree, and all remaining counts were dismissed pursuant to section 1385.[3] Defendant was sentenced to a term of 15 years

---

[2]    We granted respondent's request for judicial notice of the trial court's minute orders dated September 23, 2008, October 23, 2008, July 8 and 9, 2010, March 7, 2011, May 13, 2011, and September 22, 2016.

[3]    A copy of the immunity agreement lodged in a confidential envelope in the court's legal file, has not been transmitted to this court or made a subject of any request for judicial notice.

3

to life in prison, with 3,059 actual days of presentence custody credit, and ordered to pay fines, fees, and restitution.

In June 2019, defendant filed a petition for resentencing pursuant to section 1170.95. The trial court summarily denied the petition by minute order on July 3, 2019. Defendant filed a timely notice of appeal.

**Senate Bill No. 1437**

In 2018, the Legislature passed Senate Bill No. 1437 (S.B. 1437) in order to "revise the felony murder rule to prohibit a participant in the commission or attempted commission of a felony that has been determined as inherently dangerous to human life to be imputed to have acted with implied malice, unless he or she personally committed the homicidal act." (Senate Rules Com., Off. of Sen. Floor Analysis, Rep. on Sen. Bill No. 1437 (2017-2018 Reg. Sess.) as amended Aug. 20, 2018, p. 6.) S.B. 1437 amended sections 188 and 189, effective January 1, 2019. (Stats. 2018, ch. 1015, § 2, eff. Jan. 1, 2019.) As amended, the sections limit a finding of malice to the actual killer; to one with the intent to kill, who aided and abetted the actual killer in the commission of first degree murder; and to one who was a major participant in an underlying felony and acted "with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3).)

Section 1170.95 was added by S.B. 1437 to provide a procedure by which those convicted of murder can seek retroactive relief if the changes in sections 188 or 189 would affect their previously affirmed convictions. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722.) A petition under section 1170.95, subdivision (a) must include the following allegations:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the

4

prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2)  The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3)  The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (b)(1) requires that the petition "include all of the following:

"(A)  A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a).

"(B)  The superior court case number and year of the petitioner's conviction.

"(C)  Whether the petitioner requests the appointment of counsel."

"If any of the information required by [subdivision (b)] is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

5

## DISCUSSION

Defendant's form petition consisted of boxes to be checked next to applicable allegations. Defendant checked the boxes which allege the three conditions of 1170.95, subdivision (a)(1) through (a)(3), quoted above, as well as the allegations that he was convicted of first degree felony murder, but could not now be convicted under the current section 189, because he was not the actual killer, did not aid and abet with intent to kill, and was neither a major participant nor acted with reckless indifference to human life. Also checked was the box alleging that defendant was convicted of second degree murder under the natural and probable consequences doctrine, and could not now be convicted of that offense because of the changes to section 188. The petition included a request that counsel be appointed to represent him.

The trial court summarily denied the petition upon finding defendant to be ineligible for relief under the statute as a matter of law. Defendant contends that the petition contained all the necessary allegations to establish a prima facie case for relief under section 1170.95, subdivision (c) and that the trial court thus erred in denying it without appointing counsel and requiring the People to file a response.

Section 1170.95, subdivision (c) provides:

"The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These

6

deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Several recently published cases have taken the view that the trial court looks to the petition as well as the *record of conviction* to make its initial determination, and that the court may summarily deny the petition without the appointment of counsel where this initial review reveals that the petitioner is ineligible for relief as a matter of law. (See *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328-330, review granted Mar. 18, 2020, S260493 (*Verdugo*); *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1138, review granted Mar. 18, 2020, S260598 (*Lewis*); *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58, review granted Mar. 18, 2020, S260410 (*Cornelius*).)

We agree with the cited cases. "'It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief. For example, if the petition contains sufficient summary allegations that would entitle the petitioner to relief, but a review of the court file shows the petitioner was convicted of murder without instruction or argument based on the felony murder rule or [the natural and probable consequences doctrine], . . . it would be entirely appropriate to summarily deny the petition based on petitioner's failure to establish even a prima facie basis of eligibility for resentencing.' [Citation.]" (*Lewis*, *supra*, 43 Cal.App.5th at

7

p.1138, quoting Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2019) ¶ 23:51(H)(1), pp. 23-150 to 23-151.)

Section 1170.95, subdivision (c) sets forth a two-step prima facie review. The first-step requires a determination of the petitioner's "statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47. [Citations.]" (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329, citing *People v. Page* (2017) 3 Cal.5th 1175, 1188-1189 [Proposition 47]; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600 [Proposition 36].) The trial court examines the complaint, information or indictment filed against the petitioner, the verdict form, the abstract of judgment, and any other information in the record of conviction necessary to the court's determination. (*Id.* at pp. 329-331; see *Cornelius*, *supra*, 44 Cal. App.5th at p. 58; *Lewis*, *supra*, 43 Cal.App.5th at p. 1137.) "Based on a threshold review of these documents, the court can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder" (*Verdugo*, at pp. 330), or who was convicted as a direct aider and abettor of the murder (*Lewis*, at pp. 1135, 1137-1139), or where the jury found that defendant personally and intentionally used a firearm to commit murder, indicating that he was the actual killer. (*Cornelius*, at pp. 56-58.) It follows the trial court may summarily deny the petition if the documents reviewed by the court contradict the otherwise sufficient allegations of the petition.

Respondent agrees with these authorities while defendant disagrees, although both assume that the allegations of defendant's petition alone were sufficient to set forth a prima facie showing of eligibility under the statute. Respondent also notes the absence of information about the prosecution's amended

8

second degree murder allegation, the plea agreement, or any statement of factual basis made by defendant pursuant to his plea. It appears that the court's finding the defendant was the actual killer and not convicted under felony murder or the natural and probable consequences doctrine, was not appropriate at this stage. The trial court reasoned in denying the petition that "the jury found petitioner guilty of one count of murder with personal use of a firearm that caused death." However, it appears defendant was not convicted of a firearm enhancement that necessitated that his use of the firearm caused great bodily injury or death.

Because it appears defendant met the first-step showing, the appropriate remedy is to remand the case with direction to proceed to consideration of his entitlement to relief pursuant to subdivision (c).

Respondent does not concede that defendant is entitled to relief, and has summarized facts from the probation report indicating that the murder occurred when the defendants pulled up to a local liquor store and shot at two men standing outside the store, injuring them but causing death to a bystander who was struck by a random spray of gun fire.[4] However we will await the decision of the trial court after remand to address this issue, if applicable.

Defendant also argues that he had a federal constitutional right to counsel, notwithstanding the statutory provisions of section 1170.95, subdivision (c). That claim is moot given respondent's concession and our conclusion.

---

[4] Defendant has not objected to the consideration of facts in the probation report.

## DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 is reversed and remanded for further consideration by the trial court pursuant to section 1170.95, subdivision (c).

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ


We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT