Filed 12/21/20  P. v. Ramirez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ERIC FRANCISCO RAMIREZ,<br><br>  Defendant and Appellant. | B304662<br><br>(Los Angeles County<br>Super. Ct. No. BA389823) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Eric Francisco Ramirez appeals an order denying his petition for resentencing pursuant to Penal Code section 1170.95 (Stats. 2018, ch. 1015, § 4). The trial court properly denied his petition because that law does not apply to the crime of voluntary manslaughter.

All undesignated statutory references are to the Penal Code.

An information charged Ramirez with murder (§ 187, subd. (a)). The record does not include facts about the underlying crime nor does it reveal the prosecution's theory of guilt.

In 2014, Ramirez pleaded no contest to voluntary manslaughter (§ 192, subd. (a)), admitted he personally discharged a firearm (§ 12022.53, subd. (b)), and admitted a gang allegation (§ 186.22, subd. (b)(1)(C)). Pursuant to the deal, the court dismissed the murder count.

The court sentenced Ramirez to 31 years in state prison.

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437) amended the felony-murder rule and natural and probable consequences doctrine for murder. (Stats. 2018, ch. 1015, § 1(f).)

SB 1437 added section 1170.95, which specifies a procedure for those with convictions for felony murder or murder under the natural and probable consequences theory to petition the sentencing court to vacate their convictions and to resentence them on any remaining counts. (§ 1170.95, subd. (a).) The petitioner must have a first degree or second degree murder conviction following a trial or must have accepted a plea offer in lieu of a trial at which the petitioner could have received a conviction for first degree or second degree murder. (Stats. 2018, ch. 1015, § 4.)

2

On April 2, 2019, Ramirez filed a petition for resentencing under section 1170.95. Ramirez's petition and appellate briefing do not specify whether he believes the felony murder rule, the natural and probable consequences doctrine, or a different theory, would have applied to him.

The trial court appointed Ramirez counsel. The People filed an opposition to the petition and attached a copy of the minute order showing Ramirez had pleaded no contest to voluntary manslaughter.

The trial court summarily denied the petition. It found Ramirez ineligible for resentencing because his conviction was for voluntary manslaughter, not for murder.

Ramirez appeals, contending the trial court erred because the law includes defendants convicted of voluntary manslaughter.

We agree with the trial court that only defendants convicted of murder are eligible for relief under the plain language of the statute. In doing so, we join many other Courts of Appeal.

In *People v. Cervantes* (2020) 44 Cal.App.5th 884, Division Six of this District concluded that the language of the statute unequivocally applies to murder convictions only. "There is no reference to the crime of voluntary manslaughter. To be eligible to file a petition under section 1170.95, a defendant must have a first or second degree murder conviction. The plain language of the statute is explicit; its scope is limited to murder convictions." (*Id.* at p. 887.)

Similarly, in *People v. Flores* (2020) 44 Cal.App.5th 985, the Fourth District held that the plain language of the statute limits relief to qualifying defendants with murder convictions. (*Id.* at p. 993; see also *People v. Sanchez* (2020) 48 Cal.App.5th 914,

917–920 (*Sanchez*) [defendants who pleaded to voluntary manslaughter ineligible for relief]; *People v. Turner* (2020) 45 Cal.App.5th 428, 436–438 (*Turner*) [same]; *People v. Paige* (2020) 51 Cal.App.5th 194, 201–204 [same]; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1099, review granted Nov. 13, 2019, S258175 [statute limits relief to convictions for murder; attempted murder is excluded].)  We agree with this authority.

Ramirez incorrectly says the statute includes defendants who pleaded guilty or no contest to voluntary manslaughter. Such an interpretation contravenes the legislative purpose of SB 1437.  As the cases we cited above recount in detail, the Legislature resolved to limit and reform murder convictions under the theories of felony murder and natural and probable consequences.  Ramirez requires a murder conviction under one of these theories to be eligible for relief.  Ramirez does not have such a conviction and cannot prevail.

Contrary to Ramirez's contention, no absurdity results from this construction of the statute.  (*Turner*, *supra*, 45 Cal.App.5th at pp. 438–439.)

Ramirez says *People v. Page* (2017) 3 Cal.5th 1175 supports his position but that case is about a different statute, section 1170.18.  *Page* does not control this case.

Section 1170.95's exclusion of those who accepted pleas to voluntary manslaughter does not violate equal protection under the state and federal Constitutions.  (*Sanchez, supra,* 48 Cal.App.5th at pp. 920–921.)  Nor does the statue violate due process.  Distinguishing between people with murder convictions and people with involuntary manslaughter convictions is not arbitrary, capricious, irrational, or unpredictable.

## DISPOSITION

The order is affirmed.


WILEY, J.


We concur:


BIGELOW, P. J.


STRATTON, J.