Filed 7/7/21  P. v. James CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARVIN LEE JAMES,<br><br>    Defendant and Appellant. | B308756<br><br>(Los Angeles County<br>Super. Ct. No. A907548) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Marvin Lee James appeals from an order summarily denying his petition to redesignate certain felony convictions as misdemeanor offenses pursuant to Penal Code section 1170.18, subdivision (f).[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 2020, James filed a section 1170.18 petition, seeking to have three prior convictions for felonies redesignated as misdemeanors. In the petition, James alleged he had sustained a felony conviction and served a completed sentence in each of the following cases: (1) in case No. A907548, an April 8, 1987 conviction for possession of cocaine in violation of Health and Safety Code section 11350; (2) in case No. A633825, a November 8, 1985 conviction for vehicle theft in violation of Vehicle Code section 10851; and (3) in case No. A195553, a December 17, 1979 conviction for burglary in violation of section 459. James asserted each of these prior felony offenses qualified for reduction to a misdemeanor under section 1170.18, subdivision (f).

On September 9, 2020, the People filed a one-page form opposition to the petition. The People checked a box on the form indicating James was ineligible for relief under section 1170.18 because his "current conviction" was for the offense of robbery in violation of section 211. Robbery was not among the offenses James had listed on his petition.

On September 10, 2020, the trial court summarily denied the petition. In a one-page minute order, the trial court stated it

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

had "read and considered the defendant's petition," and the "felony conviction is for an offense that does not qualify under . . . section 1170.18[, subdivisions] (a) or (f)."

On October 19, 2020, James filed a notice of appeal from the order denying his section 1170.18 petition. The notice of appeal received by this court included a copy of James's petition and the trial court's minute order. It also included a one-page document entitled "CRIMINAL-APPEALS-CARDEX," which reflected that, contrary to James's statement that he was convicted for possession of cocaine, he was sentenced for the offense of robbery in case No. A907548.

We appointed counsel to represent James on appeal. After an examination of the record, appellate counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On March 22, 2021, we advised James that he had 30 days in which to submit a supplemental brief or letter setting forth any contentions or arguments he wished for this court to consider. James did not submit a supplemental brief.

## DISCUSSION

In 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Page* (2017) 3 Cal.5th 1175, 1179.) Proposition 47 "reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies." (*Ibid*.) Proposition 47 also added section 1170.18, which permits an eligible person serving a sentence for an enumerated theft or drug offense to petition for recall of the sentence and resentencing. (§ 1170.18, subds. (a), (b).) A person who has already completed a felony sentence for an enumerated offense may petition to have the conviction

redesignated as a misdemeanor. (§ 1170.18, subds. (f), (g).) In a petition for relief under section 1170.18, the "ultimate burden of proving . . . eligibility lies with the petitioner." (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.)

With respect to case No. A907548, James was ineligible for section 1170.18 relief. The record reflects that James's conviction in that case was for robbery in violation of section 211. Robbery is not one of the theft-related offenses for which a petitioner may seek redesignation or resentencing under section 1170.18. (§ 1170.18, subd. (a).) Accordingly, the trial court properly denied James's petition as to case No. A907548.

With respect to cases Nos. A633825 and A195553, the trial court's order denying the petition did not include a ruling on whether James was eligible for relief in either of these cases. The September 10, 2020 minute order only identified case No. A907548 in the caption of the document, and while it included a reference to the robbery conviction in that case, it was silent as to the convictions in the other two cases that James sought to have redesignated as misdemeanors.[2] Therefore, for purposes of this appeal, we express no opinion as to whether James was eligible for section 1170.18 relief in cases

---

[2] The record on appeal does not reflect whether the trial court may have issued separate orders for each of the cases that were the subject of James's petition, or whether it inadvertently failed to address James's eligibility for relief in each case in its September 10, 2020 minute order. If the trial court failed to issue a ruling for cases Nos. A633825 and A195553, then no appealable order as to those two cases currently exists. (See § 1237, subd. (b) [appeal may be taken from "any order made after judgment, affecting the substantial rights of the party"].)

Nos. A633825 and A195553.  We hold only that James was not eligible for such relief in case No. A907548.

We have examined the entire record, and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issue exists in the appeal before us.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 119; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The trial court's September 10, 2020 order denying Marvin Lee James's Penal Code section 1170.18 petition as to case No. A907548 is affirmed.

NOT TO BE PUBLISHED.


THOMAS, J.*


We concur:


EDMON, P. J.


EGERTON, J.

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.