Filed 12/16/20  P. v. Dupart CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B304863 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA081016) |
| v. | |
| ERIC MICHAEL DUPART, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Leslie E. Brown, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles Lee and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Eric M. Dupart challenges the trial court's denial of his Penal Code section 1170.95 petition for resentencing relating to a conviction for voluntary manslaughter.[1] We affirm the trial court's denial.

## BACKGROUND

In 2015, an information charged Dupart with two counts of murder, robbery, and first degree burglary, and the information alleged that he committed multiple murders and intentionally discharged a firearm. As part of a plea agreement, Dupart pleaded guilty to two counts of voluntary manslaughter (§ 192, subd. (a)), and was sentenced to 22 years in state prison.

On April 24, 2019, Dupart filed a petition for resentencing pursuant to section 1170.95. After appointing counsel and considering a round of briefing, the trial court denied the petition on the ground that Dupart was ineligible for resentencing because he was convicted of voluntary manslaughter, not murder.

## DISCUSSION

Pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.), the Legislature enacted section 1170.95, which permits "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of

---

[1] Undesignated statutory references will be to the Penal Code.

first degree or second degree murder following a trial or *accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.* [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a), italics added.)

Dupart contends the trial court erred in denying his section 1170.95 petition on the basis that he was convicted of voluntary manslaughter and not murder. He argues section 1170.95, subdivision (a)'s condition that the petitioner "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder" suggests section 1170.95 applies to persons charged with first or second degree murder who accepted a plea of a lesser charge, such as manslaughter. He also argues that interpreting section 1170.95 to not extend to voluntary manslaughter is inconsistent with the intent of the Legislature, would produce absurd consequences, and violates his constitutional rights to due process and equal protection.

Each of these arguments has been considered and rejected in a number of well-reasoned appellate opinions. (*People v. Paige* (2020) 51 Cal.App.5th 194 [holding § 1170.95 does not apply to persons charged with murder but who plead guilty to voluntary manslaughter; and rejecting the appellant's arguments that such an interpretation is inconsistent with the legislative purpose, produces absurd consequences, or violates equal protection]; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917-920; *People v. Turner* (2020) 45 Cal.App.5th 428; *People v. Flores* (2020) 44 Cal.App.5th 985; *People v. Cervantes* (2020) 44 Cal.App.5th 884.)

We agree with the reasoning set forth in these cases. There is no contrary authority. Therefore, the trial court correctly deemed Dupart ineligible for relief.

Dupart argues *People v. Page* (2017) 3 Cal.5th 1175 counsels in favor of extending section 1170.95 beyond murder. We conclude *Page* is inapposite in this regard. *Page* concerned the reclassification of felony theft to a misdemeanor and resentencing pursuant to Proposition 47 if the value of the property taken was worth $950 or less. Appellant Page had been convicted of violating Vehicle Code section 10851, which involves the "taking or driving a vehicle." (*Id*. at pp. 1179-1180.) Our Supreme Court held that although the resentencing statute did not expressly list Vehicle Code section 10851, Vehicle Code section 10851 fell within the provision of the general resentencing statute when the value of the vehicle was less than $950 and involved theft rather than joyriding. (*Id*. at p. 1187.)

Here, there is no comparable statutory language at issue. Section 1170.95 specifically confines itself to the crime of murder.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

4