Filed 1/11/21  P. v. Richardson CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B305789 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA042917) |
| v. | |
| LADERICK RICHARDSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell and Kathleen Blanchard, Judges.  Reversed and remanded with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Laderick Richardson appeals from an order denying his petition under Proposition 47, the Safe Neighboorhoods and Schools Act (as approved by voters, Gen. Elec. (Nov. 4, 2014)), to recall his sentence and reclassify his felony conviction for grand theft as a misdemeanor. The trial court denied the petition on the ground Richardson was not eligible for resentencing because he was also convicted of attempted voluntary manslaughter, which the court found was a disqualifying felony under Proposition 47. Richardson contends, the People concede, and we agree attempted voluntary manslaughter is not a disqualifying felony. We reverse and remand for the superior court to grant Richardson's Proposition 47 petition unless it finds resentencing Richardson to a misdemeanor would pose an unreasonable risk of danger to public safety.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Richardson's Commitment Offense, Sentencing, and Appeal*

In 2008 Richardson was engaged to Brianna Seiler, and they had a two-year-old son.[1] In the months prior to July 2008, Richardson had become controlling and aggressive. In January or February, Richardson held a knife to Seiler's throat and threatened to kill her. On the night of July 26, 2008 Richardson slapped Seiler across her face, headbutted her, and punched her in the left eye, shattering her eye socket. Seiler dropped to the floor and lost consciousness. During the incident, Seiler attempted to call the police, but Richardson grabbed the phone

---

[1]    Our summary of the facts is taken from *People v. Richardson* (July 18, 2011, B223204) (nonpub. opn.) (*Richardson I*).

and threw it across the room. A few hours later Richardson withdrew $400 from an ATM using Seiler's debit card. When paramedics and sheriff's deputies arrived the next morning, they discovered Seiler with her neck slashed open, a bloody steak knife on the kitchen island, and blood throughout the house.

After a jury trial, Richardson was convicted of (1) attempted voluntary manslaughter (Pen. Code,[2] §§ 192, subd. (a), 664; count 1), (2) corporal injury to a child's parent (§ 273.5, former subd. (a); count 2), (3) assault with a deadly weapon (§ 245, subd. (a)(1); count 3), (4) mayhem (§ 203; count 4), (5) dissuading a witness from reporting a crime (§136.1, subd. (b)(1); count 5), and (6) grand theft (§ 487, former subd. (a); count 6). The jury also found true Richardson used a deadly weapon and inflicted great bodily injury. The trial court sentenced Richardson to an aggregate term of 19 years four months in state prison, including a consecutive term of eight months (one-third the middle term) on count 6 for grand theft. We affirmed Richardson's convictions on appeal but struck the deadly weapon enhancement on count 2. (*Richardson I, supra*, B223204.)

B. *Richardson's Proposition 47 Petition*

On August 15, 2019 the superior court received Richardson's petition to recall his sentence and reclassify his theft conviction as a misdemeanor under Proposition 47.[3] On

---

[2] Further statutory references are to the Penal Code.

[3] The abstract of judgment incorrectly showed Richardson was convicted of misdemeanor petty theft under section 484, former subdivision (a), although it correctly reflected his eight-month sentence. The prosecutor opposed the petition on the

February 3, 2020 the superior court denied Richardson's petition, finding Richardson was ineligible for resentencing under section 1170.18, subdivision (i), because his conviction of attempted voluntary manslaughter was a disqualifying felony within the meaning of section 667, subdivision (e)(2)(C)(iv)(IV), which includes "[a]ny homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive." Richardson timely appealed.

## DISCUSSION

"Approved by voters in 2014, Proposition 47 . . . reduces many common theft- and drug-related offenses from felonies to misdemeanors for offenders who do not have prior convictions for specified violent or serious offenses. The measure also permits eligible defendants who were serving felony sentences as of Proposition 47's effective date to obtain the benefit of these changes by petitioning for resentencing." (*People v. DeHoyos* (2018) 4 Cal.5th 594, 597; accord, *People v. Page* (2017) 3 Cal.5th 1175, 1179.) If the court determines the petitioner meets the criteria for reclassification of his or her conviction as a misdemeanor, the "court must grant a resentencing petition unless the court determines that resentencing the defendant

---

ground the offense was "already [a] misdemeanor." The superior court (Judge Daviann L. Mitchell) denied the petition and ordered the abstract corrected, but the court did not address the merits of Richardson's petition. Richardson filed an objection to the court's order, leading to a second review by Judge Kathleen Blanchard, who had presided over Richardson's trial and sentencing.

4

'would pose an unreasonable risk of danger to public safety.'" (*DeHoyos*, at p. 597; see § 1170.18, subd. (b).)

As discussed, Richardson was convicted of felony grand theft in violation of section 487, former subdivision (a). However, Proposition 47 created a new petty theft offense in section 490.2, subdivision (a), which provides, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," unless the defendant has one or more specified prior theft offenses or a conviction of a sex offense requiring registration. We found in *Richardson I*, and the People do not dispute, Richardson withdrew $400 on Seiler's debit card, which under section 490.2 is a misdemeanor. Therefore, Richardson qualifies for relief under section 1170.18, subdivision (a), as a person who as of the effective date of Proposition 47 "was serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor" had Proposition 47 been in effect at the time of his offense.

Notwithstanding Richardson's eligibility, however, section 1170.18, subdivision (i), provides that relief is not available to a petitioner who has been convicted of specified felonies, including conviction of "an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." Section 667, subdivision (e)(2)(C)(iv)(IV), in turn, includes "[a]ny homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive." As Richardson contends, the People concede, and we agree,

5

attempted voluntary manslaughter is not included in the list of disqualifying prior convictions because it is a violation of section 192, subdivision (a), which does not fall within the range of covered homicide offenses.

Accordingly, the superior court erred in finding Richardson was ineligible for relief under Proposition 47. We remand for the superior court to determine whether resentencing Richardson to a misdemeanor "would pose an unreasonable risk of danger to public safety" within the meaning of section 1170.18, subdivision (b). If not, "petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor." (§ 1170.18, subd. (b).)

## DISPOSITION

The order denying Richardson's Proposition 47 petition is reversed. We remand for the superior court to grant Richardson's petition unless it finds resentencing Richardson to a misdemeanor would pose an unreasonable risk of danger to public safety.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.


6