Filed 12/15/21  P. v. Juarez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO DIAZ JUAREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B309938<br>(Super. Ct. No. 2003012255)<br>(Ventura County) |

Ricardo Diaz Juarez appeals the denial of his application under Penal Code section 1170.18[1] to reduce a 2003 felony conviction of unlawful driving or taking of a vehicle to a misdemeanor.  The trial court denied the application because it found appellant had a prior conviction of a "super strike" that made him ineligible for relief.  (§ 667, subd. (e)(2)(C)(iv).)  As respondent correctly concedes, this finding was in error.  Appellant does not have a disqualifying prior conviction.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Consequently, we reverse the order denying appellant's application and remand the matter to permit the trial court to determine whether appellant is eligible for relief.

FACTS

Appellant pleaded guilty in 2003 to unlawful driving or taking of a vehicle. (Veh. Code, § 10851, subd. (a).) Evidence at his preliminary hearing showed the vehicle was a 1989 Jeep Cherokee. Appellant later violated the terms of his probation. In 2004, the trial court sentenced him to two years in state prison.

In 2015, appellant was convicted of assault with a semiautomatic firearm (§ 245, subd. (b)), assault with a deadly weapon (§ 245, subd. (a)(1)), street terrorism (§ 186.22, subd. (a)) and resisting a peace officer. (§ 148, subd. (a)(1).) He was sentenced to a term in state prison of 30 years. We affirmed his conviction in an unpublished opinion. (*People v. Juarez* (Oct. 19, 2016, B263348).)

Appellant then filed an application to reduce his 2003 conviction to a misdemeanor on the ground that the vehicle he took was worth less than $950. (§ 1170.18, subd. (f); *People v. Page* (2017) 3 Cal.5th 1175, 1183.) The district attorney responded that appellant was not eligible for relief because he had "at least one prior conviction of an offense under Penal Code, § 667 (e)(2)(C)(iv)." The trial court accepted that representation and denied the petition. The trial court made no findings regarding the value of the vehicle appellant took.

DISCUSSION

Proposition 47, adopted in November 2014, added section 490.2 to the Penal Code. This statute provides that theft of property not exceeding $950 in value, "shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§

490.2, subd. (a).) Section 1170.18, also added by Proposition 47, establishes a procedure for redesignating a past felony conviction as a misdemeanor if the offender has already completed his or her sentence and if the offender "would have been guilty of a misdemeanor under [Proposition 47] had this act been in effect at the time of the offense . . . ." (§ 1170.18, subd. (f).) Section 1170.18 applies to the unlawful taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a). (*People v. Lara* (2019) 6 Cal.5th 1128, 1135-1137 (*Lara*).)

Section 1170.18 expressly disqualifies certain offenders from resentencing, including those with a prior conviction for one of the offenses listed in section 667, subdivision (e)(2)(C)(iv). These so-called "super strike" offenses include many felony sex offenses, homicide, attempted homicide and solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction and any offense punishable by life imprisonment or death.

Here, the trial court denied appellant's application on the sole ground that he had a disqualifying "super strike" conviction. This finding is not supported by the record. Although appellant was subsequently charged with attempted murder, he was acquitted of that charge. Because there is no evidence appellant has a disqualifying prior conviction, the order denying his application to reclassify his conviction of vehicle taking must be reversed.

Appellant has the burden to prove his prior conviction is eligible for reclassification based on the nature of the offense and value of the property taken. (*Lara, supra,* 6 Cal.5th at pp. 1135-1137; *People v. Bullard* (2020) 9 Cal.5th 94, 110.) We remand the matter for that purpose.

DISPOSITION

The order denying appellant's application for reduction of conviction from felony to misdemeanor is reversed. The matter is remanded to permit the superior court to determine whether appellant is eligible for relief pursuant to section 1170.18.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

4

Nancy Ayers, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Stephanie C. Santoro, Deputy Attorney General, for Plaintiff and Respondent.