Filed 6/22/23  P. v. Fogleman CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>ALVIN JAMES FOGLEMAN,<br><br>        Defendant and Appellant. | A164357<br><br><br>(Humboldt County<br>Super. Ct. No. CR1903262) |

In 2021, a jury convicted Alvin James Fogleman of several criminal offenses, including felony vehicle theft.  (Veh. Code, § 10851, subd. (a).)  The trial court sentenced him to the upper term of three years for that offense after finding aggravating factors, including numerous prior convictions and a prior prison term.  (Cal. Rules of Court, rule 4.421(b)(2)–(3).)

On appeal, Fogleman challenges his vehicle theft conviction, arguing the trial court failed to instruct the jury on the lesser included offense of misdemeanor vehicle theft even though the theory was supported by substantial evidence.  He further contends the court erred by permitting an officer to provide expert testimony on the value of the stolen car.  Finally, relying on Senate Bill No. 567 (2021–2022 Reg. Sess.), which limits a court's authority to impose an aggravated sentence, Fogleman argues he must be

1

resentenced for his vehicle theft conviction. None of these arguments warrant reversal, and we affirm.

## BACKGROUND

In June 2019, a police officer attempted to pull over Fogleman, who was driving a motorcycle across cones in a construction zone and, at one point, traveling over 100 miles per hour on the highway. Instead of stopping, Fogleman drove through a stop sign. Eventually, Fogleman's motorcycle slid to a stop and crashed; he attempted to flee on foot, but ultimately complied with the officer's order to stop. A search of Fogleman revealed a bag containing just under .5 grams of heroin and approximately 17 grams of methamphetamine.

The same month, Fogleman took his ex-girlfriend's 2018 Nissan Altima — a car that at the time had visible damage, including a dent on the driver-side door and damage sustained from the victim backing into a backhoe and another driver hitting her car. The victim tried to persuade Fogleman to return the car. She failed and reported the car stolen. Officer Lindsay Frank ultimately located the car, which she valued at over $2000 based on its year and condition. Despite being damaged, the car had no mechanical issues and drove fine. The victim, however, valued the car at $800 since she purchased it for $1000, it was damaged after purchase, and it had approximately 200,000 miles.

In September 2019, Fogleman attempted to take a trailer containing approximately $13,000 worth of construction equipment.

The Humboldt County District Attorney charged Fogleman with evading an officer (Veh. Code, § 2800.2, subd. (a), count one), possession of a controlled substance, heroin (Health & Saf. Code, § 11350, subd. (a), count two), possession of a controlled substance, methamphetamine (*id.*, § 11377,

2

subd. (a), count three), felony grand theft auto — of the Altima — with a prior vehicle theft conviction (Pen. Code,[1] § 666.5, subd. (a), count four), and felony vehicle theft — of the trailer (Veh. Code, § 10851, subd. (a), count five). The complaint further alleged Fogleman had a prior strike for criminal threats (§ 422, subd. (a)) within the meaning of the "Three Strikes" law (§ 667, subds. (b)–(i)), and a prior conviction for felony vehicle theft (Veh. Code, § 10851, subd. (a)).

During an instruction conference in the midst of trial, the trial court stated its intent to instruct the jury with CALCRIM No. 1820, unlawful taking or driving of a vehicle. Fogleman's counsel requested a standalone instruction for misdemeanor vehicle theft as a lesser included offense for felony vehicle theft of the Altima. Specifically, he requested an instruction mirroring the felony instruction but with a valuation of under $950. But counsel noted "there didn't seem to be an instruction for the misdemeanor version" of Vehicle Code section 10851. On that basis, the court stated it was unnecessary to modify any of the instructions. The court suggested counsel could argue Fogleman was only guilty of a misdemeanor for taking the car. Fogleman's counsel responded, "I agree."

The jury was instructed with CALCRIM No. 1820, which reads in part: "The defendant is charged in Counts Four and Five with unlawfully taking or driving of a vehicle. To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant took someone else's vehicle without the owner's consent; [¶] 2. When the defendant took the vehicle, he intended to permanently deprive the owner of possession or ownership of the vehicle," and "3. The vehicle was worth more than $950."

---

[1] Undesignated statutory references are to the Penal Code.

3

In addition, the trial court instructed the jury with a modified version of CALCRIM No. 3517, which addresses the procedure for filling out verdict forms when a lesser included offense and greater crimes are not separately charged. It states, in relevant part: "[i]f all of you find that the defendant is not guilty of a greater crime, you may find him guilty of a lesser crime." The instruction continues, with the following modification: "Misdemeanor vehicle theft is a lesser crime of felony vehicle theft charged in Count 4." A verdict form provided to the jury for a lesser included offense for count four noted the option to find Fogleman not guilty of felony driving or taking a vehicle without consent, and instead find he was guilty of misdemeanor vehicle theft.

The jury found Fogleman guilty on all counts. He waived a jury trial to establish his prior offenses and admitted he had two prior felony convictions. At a December 2021 sentencing hearing, the trial court sentenced Fogleman to an aggregate term of four years, four months in prison — the upper term of three years for count four, vehicle theft; one-third the middle term, or eight months for count one, evading arrest; and one-third the middle term, or eight months for count five, vehicle theft, all running consecutively.

## DISCUSSION

Fogleman challenges his felony vehicle theft conviction and resulting sentence. We address each of his arguments in turn.

### I.

Fogleman contends we must reverse his conviction because the trial court failed to instruct the jury on the lesser included offense of misdemeanor vehicle theft. Even if there was error, it was harmless.

We review de novo a trial court's failure to instruct on a lesser included offense and view the evidence in the light most favorable to the defendant. (*People v. Brothers* (2015) 236 Cal.App.4th 24, 30.) A court has a sua sponte

4

duty to instruct on lesser included offenses of greater charged offenses if there is substantial evidence supporting a determination the defendant is guilty of only the lesser offense. (*People v. Breverman* (1998) 19 Cal.4th 142, 148–149.)

We assume without deciding that petty theft — theft of property valued at $950 or less, punishable as a misdemeanor — is a lesser included offense of felony vehicle theft. (§ 490.2; *People v. Page* (2017) 3 Cal.5th 1175, 1187 ["obtaining an automobile worth $950 or less by theft constitutes petty theft under section 490.2 and is punishable only as a misdemeanor"].) Given the victim's testimony valuing the Altima at $800 — based on the amount she paid for it, the damage incurred after she purchased it, and the excessive mileage — the People concede the trial court could have amplified its instructions on misdemeanor vehicle theft by instructing the jury with CALCRIM No. 1801 — petty theft. That instruction states, in relevant part, "The defendant committed petty theft if (he/she) stole property [or services] worth $950 or less." (CALCRIM No. 1801.)

But even assuming the trial court erred by failing to give that instruction, it was harmless. On this record, it is not reasonably probable Fogleman would have achieved a more favorable result had that instruction been given. (*People v. Breverman*, *supra*, 19 Cal.4th at p. 149 [using harmless error standard in *People v. Watson* (1956) 46 Cal.2d 818]; *People v. Gonzalez* (2018) 5 Cal.5th 186, 198 [failure to comply with duty to instruct on lesser included offenses in noncapital cases is error of state law requires application of *Watson* harmless error analysis].)

Fogleman argues, in the absence of a misdemeanor vehicle theft instruction, the jury lacked the ability to distinguish misdemeanor vehicle theft from felony theft. The jury, his argument goes, "had no direction"

regarding "the importance of, or how to consider, the Altima's value." But the record indicates both parties accurately described the distinction between misdemeanor and felony vehicle theft during their closing arguments. (*People v. Merritt* (2017) 2 Cal.5th 819, 831 [examining whether attorneys' comments accurately describe the offense's elements to determine whether instructions omitting elements of the offense was prejudicial].) Fogleman's counsel argued, "Mr. Fogleman may be guilty of misdemeanor vehicle theft, which contemplates a valuation of less than $950. That is the lesser-included offense of Count 4." Similarly, the prosecutor's closing argument emphasized, "if you believe the value of the vehicle is less than $950, then the defendant is only guilty of a misdemeanor." The jury was not ignorant of the distinction between felony and misdemeanor vehicle theft. (*Id*. at p. 831.) Even though the trial court instructed the jury to follow the law as explained by the court, that instruction does not diminish the significance of the attorneys' comments contrary to Fogleman's assertions. Because the court did not give a complete jury instruction on misdemeanor vehicle theft, "the attorneys' comments did not conflict with any instruction." (*Ibid*.) If anything, they complemented one another, thus "the jury might well have considered [counsels'] comments in its deliberations." (*Ibid*.)

Nor, as Fogleman contends, did the jury only have the two options of either convicting or acquitting him for felony vehicle theft. The jury was given CALCRIM No. 1820, which correctly explained Fogleman could be convicted of felony vehicle theft only if *the value of the stolen car was over $950*. (*People v. Page, supra*, 3 Cal.5th at p. 1187.) And in explaining the procedure for finding Fogleman guilty of a lesser included offense, the trial court gave a modified version of CALCRIM No. 3517: "Misdemeanor vehicle theft is a lesser crime of felony vehicle theft charged in Count 4." Moreover,

the court provided the jury with a verdict form for misdemeanor vehicle theft, noting it was a lesser offense of felony vehicle theft. In sum, there is no likelihood a reasonable jury, considering CALCRIM No. 1820 in the context of the entire charge of the court and the arguments of counsel, would have failed to understand the distinction between felony and misdemeanor vehicle theft. (*People v. Sanchez* (2001) 26 Cal.4th 834, 852 [jurors presumed to understand, correlate, and follow court instructions].)

Finally, the evidence established the Altima was valued at over $950. The car was only one year old when the victim purchased it. It had no mechanical problems and drove properly despite having damage to the driver-side door and its rear. Officer Frank provided expert testimony of the car's value — based on the year and condition of the vehicle, as well as her 13 years of training and experience of filing more than 30 stolen vehicle reports — was over $2000. Even though the victim originally purchased the car for $1000, Frank explained the car could still have a higher value. The purchase price merely reflected the amount the car was sold for, not necessarily its actual value.

Although the victim testified the car was worth approximately $800, her ongoing relationship with Fogleman undercut her credibility. The victim stated she did not want to press charges against Fogleman, and she was still friends with him and his current girlfriend at the time of trial. (*People v. Steskal* (2021) 11 Cal.5th 332, 359 [a witness's friendship toward a party bears on the question of credibility].) She testified she continued to spend a lot of time with Fogleman's girlfriend, stopping to see her and her kids every time she was in their city. In fact, the only reason the victim initially reported her car stolen was because she was angry Fogleman was dating her friend. But the victim later calmed down about her breakup and decided the

7

theft was merely a misunderstanding. The jury was instructed with CALCRIM No. 333, explaining it may consider reasons for a lay witness providing an opinion, and it may disregard all or any part of an opinion it finds unbelievable. The record suggests the jury did not find the victim credible regarding the value of the vehicle.

Thus, it was not reasonably probable the jury only would have convicted Fogleman of misdemeanor theft had the instruction been given.

## II.

Fogleman contends allowing Officer Frank to provide expert opinion on the Altima's value was an abuse of discretion. We disagree.

Witnesses are qualified to testify as experts if they have special skill, experience, training, or education to qualify as an expert on the subject to which the testimony relates. (Evid. Code, § 720, subd. (a).) Expertise may be shown by any otherwise admissible evidence, including the expert's own testimony. (*Id.*, § 720, subd. (b).) Whether a witness qualifies as an expert depends on the facts of the case and is a matter of the trial court's discretion. (*People v. Singleton* (2010) 182 Cal.App.4th 1, 21.) We will find an abuse of discretion "only where 'the evidence shows that a witness *clearly lacks* qualification as an expert.' " (*People v. Morales* (2020) 10 Cal.5th 76, 97, internal quotation marks omitted.)

Although Officer Frank did not claim to be an expert at valuing Altimas, she testified she had considerable experience responding to stolen vehicle reports. During her 13 years as an officer, she completed 30 or more stolen vehicle reports requiring vehicle valuations. (*People v. Morales*, *supra*, 10 Cal.5th at p. 97 [witness qualified as an expert where he had on-the-job training and experience].) Her opinion testimony was limited to valuing the Altima. (*People v. Singleton*, *supra*, 182 Cal.App.4th at p. 21 [witness was

qualified to offer expert opinion where testimony limited to subject with which he was familiar].) To the extent Fogleman challenges the degree of Frank's knowledge — he insists there was no evidence she had *formal* training on valuing stolen vehicles, experience with Altimas, or that she performed any research when valuing the car — that goes to the weight of her opinion, not its admissibility. (*Morales*, at p. 97.) While there's no doubt additional evidence of Frank's expertise could have been adduced, the record does not indicate Frank clearly lacked expert qualifications; admission of her opinion was not an abuse of discretion.

## III.

Fogleman contends he is entitled to resentencing on his felony vehicle theft conviction due to Senate Bill No. 567 (2021–2022 Reg. Sess.), which amended section 1170 to limit a trial court's authority to impose an aggravated sentence absent specific circumstances. (§ 1170, subd. (b)(1)–(3), as amended by Stats. 2021, ch. 731, § 1.3.) The amendments apply to Fogleman because his conviction was not final when this new legislation took effect. (*In re Estrada* (1965) 63 Cal.2d 740, 742.) Yet remand is nonetheless unwarranted.

The trial court reduced Fogleman's felony vehicle theft with a prior conviction to simply felony vehicle theft. (Veh. Code, § 10851, subd. (e); § 666.5 (a).) The court then selected the upper term of three years for that offense. (§ 1170, subd. (h)(1) [identifying term of imprisonment as 16 months, two, or three years].) It found true the following aggravated factors: Fogleman had numerous prior convictions and had served a prior term in prison. (Cal. Rules of Court, rule 4.421(b)(2)–(3).) Indeed, after the jury trial, Fogleman admitted he had a prior conviction for making criminal threats (§ 422) and vehicle theft (Veh. Code, § 10851, subd. (a)).

9

After Fogleman's sentencing, the Legislature enacted Senate Bill No. 567 (2021–2022 Reg. Sess.), amending section 1170 to require trial courts to impose the middle term if the statute identifies three possible terms for the offense unless certain circumstances exist. (§ 1170, subd. (b)(1), as amended by Stats. 2021, ch. 731, § 1.3.) A court may impose a sentence exceeding the middle term only where there are aggravating circumstances. (§ 1170, subd. (b)(2).) The facts underlying those circumstances must have been stipulated to by the defendant or been found true beyond a reasonable doubt at trial by the trier of fact. (*Ibid*.) The statute also explicitly permits the court to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id.*, subd. (b)(3).)

The trial court did not err by relying on Fogleman's prior convictions; he stipulated to those facts. (*People v. Dunn* (2022) 81 Cal.App.5th 394, 404, review granted Oct. 12, 2022, S275655.) To the extent the court further relied on a prior prison term to impose the upper term — which was neither stipulated to nor found true beyond a reasonable doubt by the trier of fact — the error is harmless. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 467 [remanding for resentencing appropriate " 'unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion' " if it was aware of the scope of its discretionary power].) We conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt "*all* of the aggravating factors on which the trial court relied in exercising its discretion to select the upper term" — the first step of the two-part harmless error inquiry for sentencing errors. (*Id.* at p. 467, fn. 11; see also *People v. Ross* (2022) 86 Cal.App.5th 1346, 1354, review granted Mar. 15, 2023, S278266.) Reliance on the prior prison term as an aggravating factor

10

was permissible because the term could have been proven by a certified record of conviction. (*People v. Butler* (2023) 89 Cal.App.5th 953, 961, review granted May 31, 2023, S279633.) Thus, there is no need to engage in the second step of the harmless error inquiry — whether it is reasonably probable the court would have imposed a shorter sentence if it relied only on permissible factors. (*Lopez*, at p. 467, fn. 11.)

## DISPOSITION

The judgment is affirmed.

11

_____

Rodríguez, J.

I CONCUR:


_____

Fujisaki, J.

A164357

**TUCHER, P. J., Dissenting:**

I respectfully dissent from that portion of the court's opinion that approves the admission of Officer Frank's expert testimony on the value of the used car. If Officer Frank has expertise in the valuing of used cars—and she may—the prosecutor did not elicit that expertise in attempting to lay a foundation for her opinion. The officer testified to no formal training, no informal training, and no experience in actually determining the value of a used car.

Instead, Officer Frank testified that she had "encountered" stolen vehicle reports 30 times in the past, and that in filling out CHP-180 forms she would mark a box estimating a range of values for the recovered vehicle. Whether those check marks reflected expertise or simply a lay person's best guess, we do not know. Whether responsibility for filling out the forms over the years had prompted Officer Frank to acquire an informal education in valuing vehicles, she did not say. And if she had ever consulted a data compilation of the sort often used in valuing used vehicles, the jury did not hear it.

In my view, a stronger foundation must be laid before any witness—law enforcement or civilian—may hold herself out as an expert before a jury, especially in a case such as this one, where the expert's "method" was simply to draw on her presumed store of knowledge to name a value for the vehicle. (See *People v. Hogan* (1982) 31 Cal.3d 815, 853 ["mere observation of preexisting [blood]stains without inquiry, analysis or experiment, does not invest the criminalist with expertise" on blood spattering], disapproved on other grounds in *People v. Cooper* (1991) 53 Cal.3d 771, 836; *Lowery v. Kindred Healthcare Operating, Inc.* (2020) 49 Cal.App.5th 119, 124–125

1

[opinion properly excluded where doctor offered no reasoned explanation for it, nor evidence that education and experience qualified him to render it].)

Because I believe it was an abuse of discretion for the trial court to have admitted Officer Frank's opinion on the value of this vehicle, and the error was not harmless, I would reduce defendant's conviction for felony vehicle theft to a misdemeanor.  I otherwise agree with my colleagues in affirming the judgment.

TUCHER, P. J.

2