Filed 6/28/24  P. v. Lewis CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANE LEWIS,<br><br>    Defendant and Appellant. | A167614<br><br>(San Mateo County<br>Super. Ct. Nos. SC069647A,<br>16NF003885A, 17NF014097A,<br>22NF008037A) |

In October 2009, the San Mateo County District Attorney filed a complaint in case No. SC069647A alleging appellant Dane Lewis (appellant) committed commercial burglary (Pen. Code, § 460, subd. (b)),[1] theft with a prior conviction (§ 666), and possession of burglary tools (§ 466).  Appellant pleaded no contest to burglary and was placed on three years' probation, which terminated in September 2012.

In January 2023, appellant filed a section 1170.18 resentencing petition seeking to have the felony burglary conviction redesignated as a misdemeanor.  The District Attorney below agreed the offense should be

_____

[1] All undesignated statutory references are to the Penal Code.

1

redesignated a section 490.2 misdemeanor. The trial court denied the petition and the present appeal followed.[2]

"Approved by the voters in 2014, Proposition 47, the Safe Neighborhoods and Schools Act, reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies. To that end, Proposition 47 amended or added several statutory provisions, including new [] section 490.2, which provides that 'obtaining any property by theft' is petty theft and is to be punished as a misdemeanor if the value of the property taken is $950 or less. [Citation.] A separate provision of Proposition 47, codified in [] section 1170.18, subdivision (a), establishes procedures under which a person serving a felony sentence at the time of Proposition 47's passage may be resentenced to a misdemeanor term if the person 'would have been guilty of a misdemeanor under [Proposition 47] had this act been in effect at the time of the offense.' ([]§ 1170.18, subd. (a).)" (*People v. Page* (2017) 3 Cal.5th 1175, 1179.)

On appeal, respondent concedes the trial court erred in denying appellant's petition for resentencing. Respondent states: "Appellant had completed his sentence for commercial burglary at the time he petitioned the court to have the felony reduced to a misdemeanor. Although he did not allege facts to support that the value of the stolen property did not exceed $950, the district attorney's statement that appellant's conviction 'Should be reduced to a misdemeanor [section] 490.2' served as an admission that the value did not exceed $950. [Citation.] Further, there is no evidence in the record to show the value of the stolen merchandise exceeded $950."

_____

[2] The record on appeal contains clerk's transcripts for four separate criminal cases. However, appellant's opening brief only addresses the denial of his resentencing petition in case No. SC069647A. Accordingly, it is unnecessary to address the other cases.

Respondent also concedes there is no basis in the record to conclude appellant was ineligible for resentencing under section 1170.18, subdivision (i).

We agree the trial court erred.

DISPOSITION

The judgment is reversed with directions to grant appellant's section 1170.18 petition for resentencing in case No. SC069647A.


SIMONS, Acting P. J.


We concur.


BURNS, J.
CHOU, J.


(A167614)

3